Foster *v.* Albert.

---

### FOSTER *v.* ALBERT.

ESTOPPEL.—*Obstruction of Highway.*—The widow and administrator of A. sold to B. certain real estate, of which A. was seized in fee at his death, over which ran a public street of a town. C., who owned and had erected buildings upon certain other real estate adjoining said street, was present and bid at the sale, and gave no notice of the existence of the street. B., claiming to own the land over which the street ran, obstructed the street, to the damage of C. and the public.

*Held,* that C. was not estopped by these facts to sue for the damage so sustained by him. The existence of the public highway was or might have been as open to the knowledge of B. as to that of C.

APPEAL from the Orange Circuit Court.

DOWNEY, J.—In this case two errors are assigned; first, the overruling of the appellant's demurrer to the second paragraph of the answer; and, second, the overruling of his motion for a new trial.

In the first paragraph of the complaint, it is alleged that the appellant is the owner of certain lots in the town of Paoli, embracing eight feet off the south side of lot 81; that running through said lot 81, and immediately north of the part thereof owned by her, there was an "open street and highway" fourteen feet wide, which had been used as such uninterruptedly, continuously, and with the knowledge of all former owners of said real estate for more than twenty years before the erection of the obstruction of which complaint is made, and that the former owners thereof, in improving and building on the said real estate owned by

plaintiff, built and erected stables and wood-sheds and other out-houses near to and abutting upon the south line of said highway, so that access could be had to said buildings, by, through, and over said highway. It is further alleged that, in 1869, the defendant, without right and without consent of the plaintiff, unlawfully obstructed said highway and rendered it impassable, by building a fence across the same, and by maintaining the said fence from that time until the present time, to the great damage of the plaintiff, etc.

The second paragraph is the same as the first, except that it alleges a dedication of the street and highway by one Thomas Coffin, who at the time was the owner of the real estate over which it runs, to the public, etc.

After demurring to the complaint, the defendant answered by a general denial, and, secondly, as follows: That said tract of fourteen feet over said lot eighty-one was an open space left by Thomas Coffin, now deceased, a former owner of said lot, for the convenient use of that part of said lot number eighty-one, upon the north side of said tract, not for use by the public as a public highway, street, or alley, and that the public never used said open space as such; that after the death of said Coffin, the fee simple title to said tract descended to his widow, Miriam Coffin, and to his children; that his estate was insolvent; that his administrator sold at public auction, the undivided two-thirds of said tract, and at the same time and place, at public auction, said Miriam Coffin sold her undivided one-third thereof, both of which interests were sold to one Riley for four hundred dollars, which amount having been paid by him, the said administrator and said widow conveyed to him the said real estate. It is also stated that said Riley has since sold and conveyed said tract to the defendant, who has fully paid the purchase-money to said Riley; that said Riley and this defendant had no notice whatever of any claim of the public or of plaintiff to an interest therein as a private way or highway, or street or alley. It is then alleged that the plaintiff attended said sale and bid for said property against said

Riley, and saw and heard said Riley bid therefor, and gave no notice of any claim whatever in or to said tract, but permitted Riley to purchase the same for said sum, which was more than the same was worth, if the plaintiff's claim is valid; that plaintiff herself bid for the said tract three hundred and ninety-five dollars, and gave no notice to the defendant or to Riley of her claim until after the payment of the purchase-money; that the estate of Thomas Coffin had been settled before the commencement of this suit, and it as well as said Miriam Coffin is insolvent, and said Riley has no recourse on either of them for his purchase-money; that but for the acts of the plaintiff, neither said Riley nor this defendant would have invested their money in said tract; wherefore, etc.

A demurrer to the second paragraph of the answer, because it did not state facts sufficient, was overruled, and the plaintiff excepted. This is the first alleged error. We do not see upon what ground this ruling can be sustained. The reasoning seems to be this: It is alleged that there is a public street and highway in the town of Paoli, adjoining which the plaintiff's real estate is situated, on which she, or those under whom she claims have erected buildings; that the party owning the fee simple of the land over which the street and highway runs, died; that his administrator and his widow sold the estate, the plaintiff being present and bidding at the sale; that the defendant, claiming under such sale to be the owner of the land over which the street or highway runs, has obstructed the same, to the damage of the plaintiff and that of the public, etc. It is insisted that the plaintiff is estopped to sue for the damages which she has sustained by being shut out from her property or the buildings on it, caused by the obstruction of the street and highway, because she was present at the sale of the fee simple, gave no notice of the existence of the street or highway, and bid at the sale. This cannot be correct. Had the way in question been but a private way, owned by the plaintiff, there might have been more reason for the position. But streets and highways are not held by so frail a tenure, as that if an individual shall

be present and bid on the lands over which they run, when they are sold, and give no notice, the highways and streets are lost to the public, or to the person so being present and bidding, without giving notice. We are treating the second paragraph of the answer as setting up only an affirmative defence, and not as containing in its introductory statements a denial of the complaint. As the general denial was previously pleaded, we are presuming that another general denial was not intended to be contained in the second paragraph.

There are few elements of an estoppel in the case. It is not disputed in the answer that the street or highway had been and was open and in use. There is no fact which was known to the appellant with reference to the street or highway that was not, or might not have been, equally known to the appellee or to Riley his vendor. In such cases there is no estoppel. *Fletcher* v. *Holmes*, 25 Ind. 458. It may fairly be presumed that the fee simple was sold subject to the public highway or street.

The question or questions arising under the motion for a new trial involve the sufficiency of the evidence, but we have concluded that it is unnecessary for us to examine these questions. The court having held the second paragraph of the answer good as a bar to the action, when it was not good, we must, for this cause, reverse the judgment.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the second paragraph of the answer, and for further proceedings.

*T. L. Collins* and *T. B. Buskirk*, for appellant.

*A. J. Simpson*, for appellee.