LONG *v.* ANDERSON.

WARRANTY.—*Sale of Personal Property.*—Where a bill of sale of a saw-mill and attachments, containing a stipulation that the vendors "warrant the said property to be clear of all encumbrances whatever, and that the" vendee "is to have immediate possession, as his own property," is transferred by him, on his making sale of the property to another, with an endorsement thereon, that he thereby transfers "the within property, as herein described, to" his vendee, "property and conditions and all as above described," he thereby expressly warrants the property, the same as it was warranted in such bill of sale.

SAME.—*Action for Breach.—Estoppel.—Fixture.— Will.*—In an action for the breach of said warranty, on the alleged ground that the property in question was a fixture on the real estate of another, at the time such bill of sale was executed to the defendant, and that such real estate, with the said saw-mill, had been subsequently conveyed to one who had died testate, devising the same to his widow, the defendant answered, setting up matter which would have tended to estop either such grantor or testator from asserting title to the property in question, and also statements by the widow, in relation to the same property, tending to estop her from claiming title thereto, but failing to allege that such devisee and this defendant, at the time such statements were made, did not know the legal rights of the devisee in said saw-mill, nor that such statements were made with the intention that the defendant should act, and were relied upon by him, in purchasing it.

*Held,* on demurrer, that the answer is insufficient.

SAME.--*Evidence.—Tax Sale.*—Under such warranty the defendant was bound to make actual delivery of possession of the saw-mill to the plaintiff, and therefore evidence was competent to show that it had been sold for taxes due before the plaintiff's purchase, and had been transferred to a purchaser, and by him sold and delivered to another who had removed and was in possession of the same.

SAME.—*Claim of Title by Owner of Realty.*—Evidence that title to such saw-

mill was claimed by the owner of the land on which it was situated was competent in such action.

From the Marion Circuit Court.

*C. W. Smith* and *R. O. Hawkins*, for appellant.

*L. Sexton* and *C. Cambern*, for appellee.

HOWK, C. J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, to recover damages for an alleged breach of warranty, in the sale, by the appellant to the appellee, of a certain saw-mill and the fixtures thereof.

The appellee's complaint contained a single paragraph, in which the appellee alleged, in substance, that, on the 4th day of March, 1874, Silas Hornaday and Jesse Buell made a certain bill of sale and thereby sold and transferred to the appellant, for the consideration of two thousand five hundred dollars, the following property, situate in Cumberland county, Illinois, to wit: a steam engine and saw-mill, and everything connected or used in connection therewith, a copy of which bill of sale was filed with and made part of said complaint; that, on the 27th day of January, 1875, the appellant sold the said property to the appellee, and then and there executed a certain writing, of which the following is a true copy, to wit:

"I, Jackson Long, do hereby transfer the within property, as herein described, to James W. Anderson, of Rush Co., Ind., property and conditions and all as above described.

"January 27th, 1875.          JACKSON LONG."

That the appellee paid to the appellant, for said property, the sum of two thousand five hundred dollars in real estate, and said real estate was then and there accepted and received by the appellant in full payment and satisfaction of said sum of two thousand five hundred dollars; that, on the 11th day of June, 1872, one Stephen D. Tossey was the owner, in fee-simple, of certain real estate, particularly

described, in Cumberland county, Illinois; that, on said last named day, the said Tossey sold and conveyed said real estate to certain named persons, who afterward, on the 2d day of June, 1873, reconveyed said real estate to said Stephen D. Tossey; that afterward, on the — day of —, 1873, the said Tossey died, leaving a last will, which was duly admitted to probate, whereby he devised said real estate to his wife, Sarah Tossey, with all the privileges and appurtenances thereunto belonging; that afterward, on the — day of —, 1873, the said last will was duly recorded in said Cumberland county, and that thereby the said Sarah Tossey became the owner of said real estate, with all the privileges and appurtenances thereunto belonging; that, during the time the said real estate belonged to said Stephen D. Tossey's grantees, and before their reconveyance thereof to said Stephen D. Tossey, the said grantees erected a stationary mill on said real estate, being the same mill property and fixtures described in the written contract, mentioned in said complaint; that afterward, on the 13th day of March, 1875, Peter Shade, the collector of taxes in and for Greenup township, in said Cumberland county, sold the said property, for taxes due to said county and the State of Illinois from the appellant, to one John T. Corill; and the appellee said, that, at the time of the sale of said mill, by the appellant to the appellee, the appellant was not the owner of said mill, and had no right, title or interest in or to the same, all of which the appellant then and there well knew, and the appellant did not and could not deliver the same to the appellee, or any part thereof; and the appellee further averred, that said mill was a stationary mill, erected as a permanent structure and improvement on and attached to said land, and the same belonged to and passed with said land, and the same was on and attached to and belonged to said land, at the time the said land was reconveyed, as aforesaid, to said

Stephen D. Tossey, and at the time the said land was devised to said Sarah Tossey by the last will of said Stephen D. Tossey; that, at the time of the sale of said property by the appellant to the appellee, the same was of the value of two thousand five hundred dollars, and that the appellant had refused to deliver said property to the appellee; and that, by the failure and refusal of the appellant to deliver or convey to the appellee any right, title or interest in and to said property, he had been injured and had suffered damage to the amount of two thousand five hundred dollars. Wherefore, etc.

The appellant answered in three paragraphs; the first being a general denial, and each of the other two paragraphs setting up affirmative matter, by way of defence.

The appellee demurred to each of the second and third paragraphs of answer, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrers were severally sustained by the court, and to each of these decisions the appellant excepted.

The appellant then filed a fourth paragraph of answer, by way of counter-claim, to which the appellee replied by a general denial.

The issues joined were tried by the court, without a jury, and a finding made for the appellee, assessing his damages in the sum of one thousand dollars.

The appellant's motion for a new trial was overruled, and to this ruling he excepted; and the court then rendered judgment on the finding, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. In sustaining the appellee's demurrer to the second paragraph of the appellant's answer;

2. In sustaining the appellee's demurrer to the third paragraph of the appellant's answer;

3. In overruling the appellant's motion for a new trial.

We will consider and decide the questions presented and discussed by the appellant's counsel, and arising under these alleged errors, in the order of their assignment.

1 In their argument of this cause in this court, the appellant's counsel insist that the action was brought to recover damages for an alleged breach of an implied warranty of title to the property sold by the appellant to the appellee. On the contrary, the appellee's attorneys claim that the action was brought upon an alleged breach of an express warranty of title by the appellant, in the sale of the property in question to the appellee. In the bill of sale, from Hornaday and Buell to the appellant, of the engine and saw-mill and the appurtenances thereof, a copy of which bill of sale was made a part of the appellee's complaint in this action, the said Hornaday and Buell " warrant the said property to be clear of all encumbrances whatever, and that the said Long is to have immediate possession, as his own property." In the sale of the property to the appellee, the appellant executed a writing, endorsed on his bill of sale and set out in the complaint, by which writing the appellant transferred the property described in the bill of sale to the appellee, and stipulated that the " property and conditions and all " should be as described in said bill of sale. By a fair construction of this writing, it seems to us that it must be held that the appellant thereby intended to and did expressly warrant the property, in the same manner and to the same extent that the property had been warranted to him, in his bill of sale; that is, the appellant thereby expressly warranted- that the said property was clear of all encumbrances whatever, and that the appellee should have immediate possession thereof, as of his own property. This, we think, was the plain intent and meaning of the writing executed to the appellee in the sale to him of said property by the appellant, and endorsed on

said bill of sale. It was not necessary, as it seems to us, that the word " warrant " should have been used by the appellant, in the writing executed by him to the appellee, in order to constitute an express warranty on his part. The express and positive stipulation by the appellant, in the writing executed by him, that the " property and conditions and all " should be and were as described in his bill of sale, must be construed as an express warranty, on his part, to that effect.    *House* v. *Fort*, 4 Blackf. 293; *Humphreys* v. *Comline*, 8 Blackf. 516; *Jones* v. *Quick*, 28 Ind. 125; and Story Sales, sec. 357, and notes.

Where there is an express warranty in the sale of personal property, the party·is bound to make good his warranty, according to the letter and the evident intent thereof. In this case, construing all the averments of the complaint together, except such as were struck out, on the appellant's motion, in relation to the sale of the property for taxes, the appellee alleged, in substance, as a breach of the appellant's warranty, that, at the time of the sale of said property to him, the appellant was not the owner of, and had no right, title or interest in or to, the said property, and the appellant did not and could not deliver to the appellee the same, or any part thereof. It was also alleged in the complaint, as a breach of said warranty, that, at and before the time of said sale, the property sold was a fixture on certain real estate in Illinois, owned and possessed by a third person; and that, for this reason, the property sold by the appellant to the appellee belonged to such third person, as the owner of said real estate, and the appellant had no title thereto, at the time of his sale thereof to the appellee.

In the second and third paragraphs of his answer, the appellant has endeavored to defend against this latter breach only of the alleged warranty, by showing and stating certain facts which tended, if true, to estop the owner of said

real estate, on which said saw-mill was erected, from assert-ing any ownership of or title to the said property. Each of said paragraphs of answer was bad or insufficient, on the appellee's demurrer thereto for the want of sufficient facts, for the reason that it was not alleged, in either of the said paragraphs, that the owner of said real estate was fully apprised of her legal rights, as such owner, to the saw-mill erected on said land, at the time she made the statements set up in each paragraph, which, it is claimed, would estop her from asserting her rights to said saw-mill. Nor was it alleged, in either of said paragraphs of answer, that the appellant did not know the legal rights of the owner of said real estate, as such owner, to the saw-mill erected on said real estate, at the time she made the statements to the appellant which he has pleaded as estopping her from as-serting her rights to said saw-mill. Nor was it alleged in either paragraph of the answer, that the statements of the owner of the real estate, to the appellant, in regard to said saw-mill, were made with the intention that the appellant should act upon them; nor that the appellant relied upon said statements, and was induced thereby to act, in his purchase of said saw-mill. Bigelow Estoppel, 480; *The Junction Railroad Co.* v. *Harpold*, 19 Ind. 347; *Fletcher* v. *Holmes*, 25 Ind. 458; *Foster* v. *Albert*, 42 Ind. 40; and *The Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424.

In our opinion, no error was committed by the circuit court, in sustaining the appellee's demurrers to the second and third paragraphs of the appellant's answer.

In the appellant's motion for a new trial of this action, the following causes for such new trial were assigned:

1. Error occurring at the trial, in allowing the appellee to read in evidence the answers to interrogatories 7 and 8, in the deposition of John T. Corill, showing that the saw-mill sold by the appellant to the appellee was sold for taxes, and removed by the purchaser at the tax sale.

2. Error in allowing the appellee to read in evidence the answer to interrogatory 8, in the deposition of William Hordway,

3. Because the finding was contrary to the evidence; and,

4. Because the damages assessed were excessive.

It appears from the record, that the 7th interrogatory in the deposition of John T. Corill was this: "What became of said mill?" To the answer of which question the appellant objected, "as being incompetent, immaterial and irrelevant," which objection was overruled, and to this ruling the appellant excepted. The answer of the deponent was as follows:

"The mill was sold for tax, to John Witherhold, and from Witherhold it was transferred to me; and I sold it to Samuel Barker, at Newton, and the mill is now at Newton, Jasper county, this State. Samuel Barker is running it."

It seems to us, that this answer was not open to the appellant's objection. It is said by the appellant's counsel, that "all the evidence in the case shows that it was not intended on either part that there should be an actual manual delivery of the possession of the property." If this were so, then, perhaps, the appellant's objection to said answer would have been well taken. But, as we read the evidence, the appellant was to deliver the actual possession of said property to the appellee, though the precise time for such delivery was not specified. It is clear, that the appellant understood that he was to deliver the actual possession of the mill to the appellee; for, in a letter written by the appellant to the appellee, after the commencement of this suit, and complaining of the suit, the appellant used this language: "I did not think you would do such a thing with me, after I spent so much money trying to fill my contract with you, in trying to get the mill for you. I

told you, I would get the mill as soon as I could, and I did all I could to get it for you."

This letter was in evidence, and it showed very clearly and conclusively, we think, that the appellant was to deliver the actual manual possession of the mill to the appellee. This being so, it was certainly competent for the appellee to show by his evidence, if he could, not only that the appellant had not delivered, but that he could not deliver, the possession of said mill to the appellee. It follows, therefore, that the answer of the deponent, Corill, to the 7th interrogatory, was competent, material and relevant, for the purpose of showing that the appellant had not delivered, and could not deliver, the possession of said mill to the appellee.

By the same process of reasoning, we reach the conclusion, also, that the appellant's objection to the answer of the deponent, Corill, to the 8th interrogatory, was not well taken. This answer simply gave the date of the removal of the mill property, and the places to which it had been removed, from the real estate on which it was situate at the time of the sale to the appellee ; and it showed that a part of said property had been removed by the appellant. We think this answer was competent, material and relevant.

The second cause for a new trial was error of the court, in allowing the appellee to read in evidence the answer of the deponent, William Hordway, to the 8th interrogatory propounded to him. We do not find that the appellant objected to this answer ; but, if he did, we see no valid objection to it. The question was, " Who claimed to own the mill during the month of January, 1875 ? " To which the deponent answered : " Mrs. Tossey claimed to own the mill." The date of the appellant's sale of the mill to the appellee was the 27th day of January, 1875. We think, this answer of the deponent, Hordway, was competent.

In conclusion, we may say that there is evidence in the record tending to sustain the finding of the circuit court. We can not weigh the evidence; but in such a case it is our duty, as we understand our duty, to affirm the judgment. Nor can we say, from the evidence, that the damages assessed were excessive.

In our opinion, the motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.