## THE CITY OF LOGANSPORT V. JOHN S. LA ROSE ET AL.

1. *Cities—Annexation of Territory.*—Under the act of March 14, 1867, for the incorporation of cities, three modes are prescribed for the extension of territory of cities: *First*—(Sec. 84). Platted lots adjoining such city may be annexed by action of the council alone. *Second*—(Sec. 85). If not platted, then annexation of contiguous territory may be had with written consent of owner. *Third*—(Secs. 85–86). Annexation of any contiguous territory may be had upon council's petition to County Commissioners.

2. *Same.*—Property separated from the city by a navigable stream and a strip of ground 200 feet wide, can not be annexed as contiguous.

3. *Same—Annexation by Petition to County Commissioners.*—Petition therefor must be unconditional, and where such petition was by its terms conditioned upon the County Board building certain bridges which the city was thereafter to have charge of, and the order of annexation was made thereon as prayed, such annexation is void.

4. *Same—Bridges.*—By section 61, of said statute, the city is given exclusive power over bridges within it; this power could not be delegated.

5. *Same—Bridges—County Commissioners.*— A contract by County Commissioners to build a bridge within city limits is *ultra vires.*

6. *Same—Estoppel—Void Annexation.*—Illegal and void acts will not constitute the basis for an estoppel, nor can there be an estoppel when the facts in question are equally known to both parties. These principles, together with all the other elements of estoppel, are applicable to questions of annexation of territory by cities; when such annexation, being defective, is claimed to have become validated by circumstances.

7. *Constitutional Law—Curative Acts—Cities.*—In this case final judgment was rendered in the court below, in February, 1879, declaring the annexation in question void. On March 8, 1879, an act was passed by the Legislature legalizing such annexation, and "establishing the limits of the city of Logansport;" *held* such act was special legislation, and therefore unconstitutional; *held,* also, that said act was unconstitutional and void, because it was an invasion by the Legislature of the functions of the judicial department of the government.

8. *Judgment—Form of—Numerous Parties.*—Where the pleadings, issues and evidence in a cause, all show that the suit was brought and rights litigated for plaintiffs and all others similarly stated, it was proper that the court, finding against the defendant, should render judgment "for plaintiffs and all others similarly affected * * * in whose behalf and for whose benefit this suit was instituted by plaintiffs."

9. *Pleading—Exhibits.*—Where papers or records not the foundation of the action, but merely evidence pertaining thereto, are made part of a pleading as exhibits, such exhibits cannot be used to supplement the pleading if it is incomplete, nor considered in determining the question of the sufficiency of the facts therein stated. (Ruling in *City of Peru* v. *Bearss,* 55 Ind. 576, and other similar cases.)

2

10.  *Same—Conclusions of Law Instead of Facts.*—A paragraph of complaint alleging that certain proceedings before the County Board were void because the petition therefor was not signed as required by law, etc., is bad for the reason that such allegations are merely the pleader's conclusions from facts not themselves alleged.

11.  *Appeal—Harmless Error.*—The Supreme Court will not reverse a case upon an error that did not harm.

Filed June 15, 1881.

Appeal from Cass Circuit Court.

Opinion of the court by Mr. Chief Justice Howk.

This action appears to have been commenced for the April term, 1877, of the Cass Circuit Court, by John S. LaRose, Paul Taber and Anthony Grusenmeyer, "who sue for themselves and all others interested," as plaintiffs, against the City of Logansport and Joseph B. Messenger, treasurer of said city, as defendants.  Such proceedings were therein had, as that at the April term, 1878, of the court, the appellees filed an amended complaint, in three paragraphs.  In each of said paragraphs of complaint, the appellees sought to enjoin the said City of Logansport and the City Treasurer from the collection of certain taxes, which, as they alleged, the officers of said city had illegally assessed and charged against them and their property, for the reason that their property was not lawfully within the corporate limits of said city and, therefore, was not lawfully liable to taxation by said city—and for other specific and general relief.

The appellant's demurrers to each of said paragraphs of complaint were overruled by the court, and its exceptions were duly saved to these rulings.  An answer was then filed by the appellant, in two paragraphs, of which, the first was a general denial of the complaint, and the second paragraph stated special matter by way of estoppel.  The appellees' demurrer to second paragraph of answer, for the alleged insufficiency of the facts therein to constitute a defense to their action, was sustained by the court, and to this decision the appellant excepted.

The issues joined were tried by the court, and a finding was made for the appellees' that they were entitled to the relief prayed for in their complaint, and the appellant's motion for a new trial, and in arrest of judgment having each been overruled, and its ex-

ceptions saved to these rulings, the court rendered judgment in ac-
cordance with its finding.

We will consider and decide the several questions, presented
and discussed by the appellant's learned counsel in their elaborate
brief of this cause, and upon which they rely for the reversal of the
judgment of the circuit court. It is first insisted by counsel, that
the facts stated by the appellees were not sufficient, in either para-
graph of the complaint, to constitute a cause of action against the
appellant. We will separately consider and pass upon the suffi-
ciency of these paragraphs of complaint, in their enumerated order.

1. In the first paragraph of the complaint, it was alleged in
substance, that the appellee, Anthony Grusenmeyer was the owner
of lots numbers 22 and 23, in Taberville, as recorded in the recor-
der's office of Cass county, Indiana, and ———— was the owner of
lot No. 8, in the subdivision of the Wabash and Erie Canal, as re-
corded in the recorder's office of said county, containing ten acres
of land; that said Paul Taber was the owner of lot No. 94, on the
original plat of Taberville, as recorded in said county; that said
John S. LaRose owned lot No. 12, in the original plat of Taber-
ville; that on the 5th day of May, 1870, the appellant attempted
to annex the town of Taberville to the city of Logansport, by reso-
lution and proceedings, a copy of which, marked *Exhibit A*, was
filed with and made a part of said paragraph; that the appellees
were not parties to said proceedings, nor had they any opportunity
of being heard with reference thereto; and the appellees averred
that the said proceedings were illegal and void, for the following
reasons, to-wit:

The town of Taberville was not, on May 5, 1870, contiguous
to, nor did it adjoin, the city of Logansport, but, on the contrary,
there intervened between said town and said city a wide and navi-
gable river, to-wit: the Wabash river, the bed of which belonged
to the United States, upon the north bank of which was situate the
city of Logansport, and upon the south bank of which, and between
said river and the town of Taberville, was a strip of ground, 206
feet wide, which was never platted or laid out into lots, and was
not, on said 5th day of May, 1870, annexed to or a part of the
city of Logansport, and therefore the common council of said city
had no authority whatever, by law, to make said annexation and said

attempted proceedings were wholly void ; that said town of Taber-ville, Wm. H. Stanley's addition to Logansport and H. A. Bart-lett's addition to Logansport, which were all the platted lots, south of the Wabash river, attempted to be annexed by said resolution to said city, did not adjoin the said city of Logansport ; that the said annexation was void, because it attempted to annex at the same time, and by the same act, with the said plots of town lots, eight hundred acres of farming lands which were never theretofore platted.

And the appellees averred, that their said lots so attempted to be annexed were worth $2,500 ; that the appellant annually as-sessed against the said lots a large amount of taxes, to-wit : $50, which the appellees were compelled to pay ; that there was then assessed against the said lots the sum of $50, as the taxes for the year 1876 ; that the tax duplicate was then in the hands of the appellant's treasurer, who was threatening to collect the same of the appellees' goods and chattels ; that the said assessment was illegal and void, because said annexation was void ; and the appellees were not liable to pay taxes to said City of Logans-port ; that by reason of said so-called annexation, and of the annual levy of taxes against the appellees' property by the appellant, their said lots were greatly diminished in value, and the same were a cloud upon their title, and the said annexation proceedings were an irreparable injury to them and their title.

And the appellees averred, that there were about one thousand persons interested in the questions involved in this suit, who owned lots which were affected in like manner with the appellees' lots, by said attempted annexation ; and that, as the statute provided, the appellees brought this suit for themselves and for the benefit of all other persons affected by said attempted annexation ; that the ap-pellants' treasurer was about to levy upon the appellees' property to collect said taxes, and would, unless restrained, before this case could be heard in course, levy upon and sell the appellees' goods for said illegal and void taxes ; wherefore, the appellees asked, that said treasurer might be restrained from so doing, and that the said taxes might be cancelled and their collection forbidden.

The first objection urged by the appellant's counsel, to the suf-ficiency of this first paragraph of complaint, is that the annex-

ation proceedings, of which the appellees complain as illegal and void, were not set out at length, nor stated in substance, in said paragraph.   In other words, they claim that the annexation proceedings, described in said first paragraph, are not the foundation of the cause of action therein stated ; and that, for this reason, the copy of such proceedings filed with said paragraph, as an exhibit, did not thereby become a part of the paragraph and cannot be considered in determining the question of the sufficiency of the facts therein stated, to constitute a cause of action.   In this latter view of the matter, as a question of pleading under section 78 of the code, the appellant's counsel would seem to be right.   2 R. S., 1876, p. 73 ; *Wilson* v. *Vance*, 55 Ind. 584 ; *Schovi* v. *Stephens*, 62 Ind. 441 ; *Ryan* v. *Curran*, 64 Ind. 345.   It seems to us, however, that the decision of this point in the appellant's favor is by no means conclusive of the question of the alleged insufficiency of the first paragraph of the complaint.   The facts alleged by the appellees, in the body of the first paragraph of their complaint, and without reference to the exhibit therewith filed, are sufficient to show that the action of the appellant's common council, in extending the limits of Logansport, by resolution, over the town of Taberville, was not authorized by law and was therefore void.

In the general law for the incorporation of cities, approved March 14, 1867, under which we assume, the contrary not appearing, that the appellant was incorporated at the time of the extension of its corporate limits, three modes are prescribed for the government of such cities in the extension of their boundries so as to include therein contiguous territory.   Thus, in section 84 of the said general law of March 14, 1867, it is provided that, " whenever there shall be, or may have been, lots laid off and platted adjoining such city, and a record of the same is made in the recorder's office, in the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots, and the lots thus annexed shall thereafter form a part of such city, and be within the jurisdiction of the same."   In the case thus provided for, the action of the common council is alone sufficient to extend the city boundaries.   In the first sentence of section 85, of the said general law, provision is made for the extension of the city limits over contiguous territory, whether the same be platted into lots or

not, by the action of the common council with the written consent thereto of the owner or owners of such territory. Under the residue of said section 85, and the first sentence of section 86, of the said general law, provision is made for the annexation to the city of contiguous territory, whether platted into lots or otherwise, without the consent of the owner or owners thereof, upon the petition of common council to the board of commissioners of the county, in which the city is situate, and the order of such board granting the prayer of such petition. 1 R. S. 1876, pp. 310 and 311.

It would seem, from the allegations of the first paragraph of complaint, in the case now before us, that in the annexation of the plat or town of Taberville, the appellant and its common council had not conformed to, nor complied with, either of the modes prescribed by the statute for the annexation of contiguous territory to the city limits. We are of the opinion, that the facts stated by the appellees, in said first paragraph of their complaint, were sufficient to show that the action of the appellant's common council, in the annexation of the plat or town of Taberville to the limits of Logansport, was not authorized by any statutory provision, and was, therefore, void. It was alleged by the appellees, as we have seen, in said first paragraph, that the said town of Taberville, at the time the appellant's common council attempted to annex it to the city of Logansport, was not contiguous nor adjoining to the limits of said city, but was separated therefrom by the bed of the Wabash river, a wide and navigable stream, belonging to the United States, and by a strip of ground, two hundred feet in width, which had never been platted or laid off in lots.

It is claimed, however, by the appellant's counsel, that the said first paragraph was bad, on its demurrer thereto for the want of facts, because it did not contain an express allegation that the limits of Logansport were so extended over said town of Taberville, without "the consent of the owner thereof in writing." This point, we think, is not well taken. The appellees sued as the owners of lots in said town of Taberville, and they alleged in the first paragraph of their complaint, that they were not parties to the proceedings for the annexation of said town to the city of Logansport, and had no opportunity of being heard with reference thereto, and that the said proceedings were illegal and void. It seems to us

that these allegations sufficiently show, that the appellant's proceedings for the annexation of the town of Taberville were not had with the consent, written or otherwise, of the appellees as the owners of lots in said town.

Our conclusion is, that the facts stated in the first paragraph of the complaint, without reference to the exhibit therewith filed, were sufficient to constitute a cause of action in the appellees' favor, and that the appellant's demurrer thereto was correctly overruled.

2. In the second paragraph of their complaint, the appellees alleged in substance, that they owned the following parcels of ground, lying south of the Wabash river; said Grusenmeyer owned lot No. 8, containing ten acres, in the subdivision made by the Trustees of the Wabash and Erie Canal, and recorded in the recorder's office, of said Cass county; that said La Rose owned lot No. 10, containing 25 acres, in Hamilton and Taber's outlots, as recorded in said recorder's office; and that said Paul Taber owned a parcel of real estate, described by metes and bounds, and containing thirty acres, more or less, in said Cass county; that on the 20th day of June, 1870, the board of commissioners of Cass county, attempted by certain proceedings, (a copy of which was filed with and made a part of said complaint, had upon a "so called petition," a copy of which, and of the notice thereon, and of D. H. Chase's demurrer, was also filed with and made a part of said complaint,) to annex the above described lands and lots to the city of Logansport, and make them a part of that municipality. And the appellees averred, that the said proceedings were irregular and void, in this, to wit:

1. Said territory is attempted to be annexed, was not contiguous territory to the city of Logansport;

2. The common council of Logansport, that adopted the alleged application, had not the power to make the same, the said resolution being made at an adjourned term and not introduced at a regular term then to be held;

3. The common council never signed the petition to the board of commissioners of said Cass county, nor did any of the members thereof;

4. The petition was never signed by the city of Logansport, nor was its seal ever attached thereto;

5. The common council never filed any petition before said board.

6. The order was made upon a copy of the petition, passed by the common council of Logansport.

7. No plat of the territory, proposed to be annexed, was ever filed with said board of commissioners.

8. The notice referred to, and given, of the filing and hearing of said petition by said board of commissioners, was insufficient, not legally published.

9. The so-called petition was a conditional petition, and contained conditions, and the order was made thereon as was apparent upon its face; which conditions were not legally competent for the city to include in its annexation petition, or for the said board of commissioners to attach to, or make a part of, its annexation order, towit: Said attempted annexation was coupled with the condition that the county should build the bridges over the Wabash river, and the city should keep the same in repair, a condition that the board of commissioners had no power to make.

10. The said proceedings had never been recorded in the recorder's office of said Cass county.

11. The appellees averred that between the territory, so attempted to be annexed to the city of Logansport, and the said city, was the Wabash river, a navigable stream two hundred feet wide, the bed of which belonged to the United States Government, and that in said river, between the said territory so attempted to be annexed and the said city, was a large island, called "Biddle's Island Home," containing one hundred acres of land, which had not been platted.

And the appellees averred, that their said lands above described were worth the sum of $2,500; that since the said annexation, the appellant had annually assessed thereon the sum of $50 taxes, which the appellees were compelled to pay; that the said assessment was illegal, because the said annexation proceedings were illegal and void; that there was then assessed against their said lands the sum of $50, as and for the city taxes of 1876, to collect which the appellant had placed in the hands of the defendant, Messenger, its treasurer, its tax duplicate, and the said treasurer was about to collect the said taxes out of the appellees' property, and would do

so if not restrained therefrom by the order of the court; that said pretended annexation, and the annual assessment of taxes by the appellant, and the annual attempts to encumber the appellees' lands with said taxes, greatly diminish the same in value and were a cloud upon their titles thereto, and worked an injury which could not be compensated in damages, but was lasting and irreparable; that there were a large number of other persons owning territory, to-wit, 300 acres, who were affected in like manner with the appellees; that by reason of their number, amounting to one thousand persons or more, they could not be conveniently joined in this suit; and that therefore, as the statute provided, the appellees prosecuted this action, on behalf of themselves and of such other persons; wherefore, etc.

In discussing the sufficiency of this second paragraph of the complaint, the appellant's counsel made the same objection thereto, that they made to the first paragraph; that is, they claim that the petition of the appellant's common council to the board of commissioners of Cass county, and the notice of such petition, and the action and order of the county board thereon were not, nor was either of them, written instruments within the meaning of section 78 of the code, upon which the second paragraph is founded; and therefore, they insist that the copies of such petition, notice and order, which were filed with, and made part of, said paragraph, as exhibits, cannot be taken as parts of the record, and cannot be considered in determining the question of the sufficiency of said paragraph. As we have already said, this point seems to be well taken, The appellees' counsel have referred us to the case of *The City of Peru* v. *Bearss,* 55 Ind. 576, as recognizing a different rule of pleading from the one relied upon by the appellant's attorneys, in making the point now under consideration.

The complaint in the case cited was, perhaps, used as a precedent in the preparation of the second paragraph of the complaint, in the case at bar. In the case cited, the petition of the common council of the city of Peru, and the action of the county board thereon, by copies thereof as an exhibit, were filed with, and made part of, the complaint, and it would seem, from the opinion of the court, that the exhibit so filed had been referred to and considered as a part of the complaint. It is manifest, however, from that

opinion, that the point now under consideration was neither made nor decided, in the case cited; and, doubtless, many other cases might be cited, in which such exhibits have been considered by this court as part of the records before us, simply because the parties on both sides have, without objection, so considered and treated them. *Wilson* v. *The Board, etc., of Hamilton Co.,* 68 Ind. 507; *The Board, etc., of Lawrence Co.* v. *Hall,* 70 Ind. 469.

But such cases are of no weight whatever, as authorities upon the point we are now considering, and certainly we know of no recent case in this court, where the point has been made, in which it has been held that such exhibits, as those filed with the second paragraph of the complaint, in the case now before us, thereby became parts of the record, and could be considered as such.

We can not see, however, that the appellant is benefitted by the decision of this point, in its favor; for, it seems to us that, without reference to the exhibits herein filed, the facts stated by the appellees, in the second paragraph of their complaint, were sufficient to constitute a cause of action. It was alleged in said second paragraph, with sufficient clearness and certainty, that in the petition of appellant's common council, upon which the order of the county board was predicated, and in said order for the annexation of the territory therein mentioned, a condition was proposed by the common council and accepted and acted upon by the county board, which the former could not lawfully propose and the latter could not lawfully accept, and which, as we think, vitiated and avoided the said annexation proceedings. Thus, the common council asked in its petition for the annexation of the specified territory, south of the Wabash river, to the limits of the City of Logansport, upon the express condition that the county board would build the necessary bridges over said river, and stipulated that the city should keep such bridges in repair; and this condition was accepted by the county board, and made a part of its annexation order.

In section 61 of the general law for the incorporation of cities, the city of Logansport was given exclusive power over the bridges within such city, with the right to prescribe the height, and manner, and construction of all such bridges. It was not competent, we think, for the appellant to delegate this "exclusive power," or to contract for its surrender, in whole or in part, to the county

board; and certainly, the contract of the county board, to build the necessary bridges over the Wabash river, was *ultra vires* and absolutely void. In the recent case of *The Driftwood Valley Turnpike Co.* v. *The Board, etc., of Bartholomew County*, decided at the last term, the power of a board of county commissioners to make contracts in regard to bridges was very carefully considered by this court, and the conclusion was reached that such contracts, made without survey and estimate, and not in aid of the road district in which the bridge was to be built, were illegal, invalid and void.

We may well conclude, therefore, as we do, that the said conditions so expressed as aforesaid, in said petition and order of annexation, were so intimately blended therewith, as to be inseparable therefrom, and to vitiate and avoid the same, in all respects. Some other objections to the validity of said order of annexation, assigned by the appellees in the second paragraph of their complaint, seem to us to be well taken; but we need not consider them at length, as we are of the opinion, for the reason given, that the facts stated in said second paragraph, without reference to the exhibits therein filed, were sufficient to withstand the appellant's demurrer thereto, and to entitle the appellees to the relief therein demanded.

3. In the third paragraph of their complaint, the appellees alleged their respective ownership of the same lots and lands described in the second paragraph; that on the 20th day of June, 1870, the board of commissioners of Cass county attempted to annex said lands to the City of Logansport by certain proceedings, copies of which were therewith filed as exhibits, one of which was a copy of the so-called petition filed by said city before the said board of commissioners; and the appellees averred, that the said proceeding and order were void, because the said petition was never signed, as the law required; and that the said board of commissioners, by reason of their having been no legal petition before it, never acquired any jurisdiction whatever to act in the premises.

The court clearly erred, we think, in overruling the appellant's demurrer to this third paragraph of the complaint. Even if the exhibits therewith filed could be taken as parts of the record and referred to, in aid of the pleading, the paragraph would still be hopelessly bad, for the want of facts, as a cause of action.

The allegations that the petition, filed by the city before the county board, was never signed as the law required, and that the county board, for the want of a legal petition, never acquired any jurisdiction to act in the premises, were not allegations of facts; but they were the pleader's conclusions from facts which were not alleged and were not apparent. The demurrer to the third paragraph of complaint ought to have been sustained.

4. The appellant's counsel claim, that the court erred in sustaining the appellees' demurrer to the second paragraph of the answer. In said paragraph, the appellant admitted that on the 5th day of May, 1870, by a resolution of its common council, it directed the annexation of the territory to the city of Logansport; that such proceedings were thereafter had before the board of commissioners of Cass county, that said territory was declared and adjudged to form a part of the territorial limits of said city of Logansport; that the said proceedings had been duly recorded in the recorder's office of said Cass county; that the appellees and those, for whom they prosecuted this action, were then, and since, residents of the territory so annexed; that, though duly notified of the pendency of said proceedings before said board of commissioners, as prescribed by law in such cases, they did not appear before said board to contest such annexation or make objections thereto, but made default; that all of the said proceedings were made a part of the public records of said city and of said county board, and were at all times accessible to the appellees and to those for whom they prosecuted this suit, and the contents thereof were fully known to them at the time, and if the legal effect of said proceedings, and their non-conformity with the law were not known to them, their ignorance was of the law and not of the facts; that the appellees and those, for whom they sued, immediately thereafter acquiesced in said annexation; that the common council included said territory in the third ward of said city; that the appellees and those for whom they sued became in fact citizens of Logansport, held city elections, voted for city officers, and elected two councilmen from that ward to represent them in the common council; that said councilmen qualified and acted as such, in all deliberations of the council, voting on all ordinances and resolutions brought before the council, and at the election of such city officers as were by law elected by the council; that annu-

ally, after said annexation, during the past eight years, they had held city elections and voted for city officers, and had been represented by two councilmen in the city council; that said territory had been included in the school city of Logansport, and the appellees and the other citizens had availed themselves of the benefits of the school system of said city, and had sent their children to its public school; that with their knowledge and consent, and relying upon such acquiescence, the appellant had invested $25,000 in public school buildings within said territory, and issued its bonds therefor, which were still outstanding and unpaid; that since that time the appellant had expended $5,000 in opening and improving streets within said territory, and had paid the damages assessed to the citizens through whose lands streets had been opened; that since said annexation, the appellant had established a system of water works for fire protection, at a cost of $200,000, for which and for the issue of city bonds therefor the councilmen, elected from said territory, had voted and said bonds were still outstanding and unpaid; that on the petition of majority of the freeholders of said city, including those within said territory, who were so considered at the time, a donation of $100,000 was made by the appellant to aid in the construction of the Logansport, Crawfordsville and Southwestern Railroad into the City of Logansport, for which the bonds of said city had been issued and were outstanding and unpaid; that other debts to the amount of $200,000 had been created since said annexation, upon the faith thereof, by the votes of the councilmen from said territory, and were still unpaid; that at a cost of $5,000 and at the appellees' request and by the votes of their representatives in the common council, a fire alarm had been constructed throughout the city, including said territory; and that water-mains and gas-lights, at an expense of $300,000, had been extended over that part of the city; that during all said time, the appellees had paid their city taxes without objection, and all the aforesaid expenditures had been made, with the knowledge and without the objection of the appellees and the other citizens of said territory, and without any claim or pretense on their part, that the annexation was illegal. And the appellants neither admitting nor denying the irregularities and defects alleged in the complaint, averred that the appellees and those, for whom they sued, were estopped from denying the legality of said annexation; Wherefore, etc.

We are clearly of the opinion that the court committed no error in sustaining the appellees' demurrer to said second parapragh of the appellant's answer. Indeed, it is conceded by the appellant's counsel, as we understand them, that this paragraph of answer will "not satisfy the requirements of the text-writers' definition of an estoppel," and in this view of the paragraph we certainly agree with the learned counsel. It is well settled, we think, that illegal and void acts, such as the annexation of territory to the city of Logansport is claimed to be by the appellees and those for whom they sue, will not constitute a basis for an estoppel, *Mattox* v. *Hightshue*, 39 Ind. 95. It seems to us that the paragraph of answer lacked several of the essential elements or requisites of a good plea of estoppel. It proceeds upon the theory that the annexation proceedings were matters of public record, of which the appellees and those interested with them were bound to take notice; but if this be true, as perhaps it is, it is equally true that the appellant and its officers were alike bound to take notice of such proceedings. It would seem, indeed, that the appellant's knowledge, or its opportunities for knowledge of all the facts in regard to the annexation proceedings, were far better than those of the appellees and the parties for whom they sued; for the appellant was the originator and instigator of the annexation.

In *Fletcher* v. *Holmes*, 25 Ind. 458, it was held by this court, that the doctrine of estoppel *in pais*, "can have no application where every thing was equally known to both parties." It was not alleged in said paragraph of answer, that the appellees or those interested with them, had misrepresented, or had covered up or concealed any material facts, or that the appellant and its officers were ignorant of the truth of any of the matters, in connection with said annexation proceedings. It was alleged that, during eight years subsequent to said annexation, the appellees and those for whom they sued, had voted for city officers and had paid city taxes, without objection, and had enjoyed the privileges, and received the benefits of citizenship in said city of Logansport; but it was not alleged that during that time, they were fully apprised of their legal rights, in regard to said attempted annexation of their lots and lands to said city. Nor, was it alleged in said paragraph of answer, that the appellant and its officers were ignorant of the

rights of the appellees, and of those interested with them, in regard to said annexation proceedings, at the time the city made the expenditures and improvements, and did the several acts, within the annexed territory, which were pleaded in said paragraph as an estoppel.     Biglow on Estoppel, 480; *The Junction Railroad Co.* v. *Havpold*, 19 Ind. 347; *Fletcher* v. *Holmes, supra*; *The Greensburgh etc. Turnpike Co.* v. *Sidener*, 40 Ind. 424; *Foster* v. *Albert*, 42 Ind. 40; *Long* v. *Anderson*, 62 Ind. 537; *The Marion, etc. Gravel Road Co.* v. *McClune*, 66 Ind. 468.

The demurrer to the second paragraph of answer was correctly sustained.

5.  We cannot disturb the finding of the court, upon the evidence.     The case was tried by the Hon. John H. Gould, as a special judge; who, in deciding the case, filed a written opinion, containing the finding of the court on the several issues.     In the appellant's brief, this written opinion is printed at length, and the counsel on both sides have referred to it in argument in such a manner, that we may properly consider it.     This opinion enables us to know with certainty, that the error of the court, in overruling the demurrer to the third paragraph of the complaint, did no harm to the appellant.     The gist of that paragraph, as we have seen, was that the petition of the common council to the county board, for the annexation of contiguous territory, was not a legal petition; and upon this point the court very properly, as we think, found for the appellant; that the petition was legal and sufficient.     We ought to add, that the judge, who finally tried the case, was not the judge who made the rulings on the pleadings and settled the issues for trial.     This court has often decided, that it will not reverse a judgment for an error which, the record shows, worked no possible harm to the appellant.

6.  Final judgment was rendered for the appellees, in this case, by the trial court, on the 22d day of February, 1879; and an appeal therefrom to this court was perfected, by the filing of a transcript of the record, on the 5th day of May, 1879.     In the intervening time, to-wit, on the 8th day of March, 1879, an act was passed by the General Assembly of this State, and duly approved, entitled "An act legalizing an annexation of platted territory to the city of Logansport, by resolution of the common council of May 5,

1870, and the annexation to said city of contiguous territory, by proceedings before the board of commissioners of Cass county, of June 13, 1870; and establishing the limits of the city of Logansport." The preamble and body of said act read as follows:

"WHEREAS, It has been shown to the General Assembly, that on the 5th day of May, A. D. 1870, the common council of the city of Logansport, by resolution, annexed certain platted territory, and at the same meeting of the common council, it was ordered that a petition be filed before the board of commissioners of Cass county, for the annexation of certain contiguous territory, then unplatted, upon which such proceedings were had before the said board of commissioners, that, on the 13th day of June, A. D. 1870, contiguous territory was annexed to the city of Logansport; and,

"WHEREAS, Some doubts have recently arisen as to the legality of such annexations;

"SECTION 1. *Be it enacted by the General Assembly of the State of Indiana*, That the annexation proceedings of platted and unplatted territory of May 5, 1870, and June 13, 1870, be, and the same are hereby, in all respects, legalized, and such annexed territory shall be deemed a part of the city, and within the jurisdiction of the same from the time of the annexation: *Provided,* That nothing in this act shall be construed as invalidating the proceeding of the common council of said city, of January 15, 1879, in excluding, on petition of the owners, certain farming lands, but the proceedings are hereby legalized."

In section 2, an emergency was declared for the immediate taking effect of the act, and it was provided that "the same shall be in force from and after its passage."

We are of the opinion, that this legalizing statute is unconstitutional and void. Under the constitution of the State, it is certainly not competent for the General Assembly to provide, by a special act, for the incorporation of any city; for in section 13, of article 11, of the constitution, it is declared that "Corporations, other than banking, shall not be created by special act, but may be formed under general laws." The Legislature can not declare, by special enactment, that certain "platted and unplatted territory" shall be an incorporated city, or that such territory shall be deemed a part of a certain city, previously incorporated under a general

law, without doing violence to the provisions of the fundamental law. It seems clear to us, that the law-making power can not, under the form of a legalizing or curative statute, create or establish an incorporated city, in whole or in part, by a special act.

Before the approval of this legalizing act, the annexation proceedings therein mentioned, both of May 5, and June 13, 1870, had been found and adjudged to be illegal and void by the court below, which court had original, full and complete jurisdiction of the subject-matter of the action and of the parties thereto ; and this judgment was then, and has since remained, in full force and not reversed, annulled or set aside. The annexation proceedings having been declared void by a valid judgment, they could not be legalized and validated by a special statutes. The " platted and unplatted territory," mentioned in the statute, did not become " a part of the city and within the jurisdiction of the same," by virtue of the annexation proceedings, for these were illegal and void ; and we cannot hold, that such territory became a part of the city, and within its jurisdiction, by virtue of the statute above set out, for, certainly, it is a " special act," within the meaning of the Constitution.

In another view of this legalizing act, it must be held, we think, to be clearly unconstitutional and void. From the history of this case, as it appears in this opinion, it cannot be doubted that the act in question was, and is, a clear invasion and exercise, by the legislative departments, of the exclusive functions of the judicial department of the State government. This court can not, and will not, by its decisions, sanction or sustain such legislation. In this respect, the case at bar is very similar to the recent case of *The Columbus, etc., Railroad Co.* v. *The Board, etc., of Grant county*, 65 Ind. 427. Upon the authority of that case, and of the cases therein cited, we are of the opinion that the legalizing act, now under consideration, must be held to be unconstitutional and void.

7. The last alleged error, noticed by the appellant's counsel in their elaborate brief of this cause, was the decision of the trial court in overruling a motion to modify its final judgment. The court rendered judgment for the appellees " and all others similarly affected by said attempted annexation on the south side of the Wabash river, in whose behalf and for whose benefit this suit was

3

instituted by said plaintiffs." This judgment was fully authorized by the pleadings, as well of the appellant as of the appellees, by the issues in the cause, and by the evidence adduced upon the trial and appearing in the record. The court did not err, in our opinion, in overruling the appellant's motion and in refusing to modify its judgment.

We have found no error, in the record of this cause, which would authorize us to reverse or modify the judgment of the trial court.

The judgment is affirmed, at the appellant's costs.

M. Winfield, for appellant.

Baldwin & Dykeman, for appellees.