FRANKLIN J. COUCH AND WIFE *vs.* THE CITY FIRE INSURANCE COMPANY OF HARTFORD.

The charter of the defendants, a fire insurance company, provided that " if there shall be any other insurance upon the whole or any part of the property insured by any policy issued by said company, during the whole or any part of the time specified in such policy, then every such policy shall be void, unless such double insurance shall *exist by consent of said company,* indorsed upon the policy under the hand of the secretary."

Held that the provision was of such a character that it could not be waived by the defendants, and that it was not competent to prove their consent to double insurance by any other evidence than an indorsement of such consent upon the policy under the hand of the secretary.

ASSUMPSIT on a policy of insurance, tried in the Superior Court on the general issue closed to the jury, with notice of special matters of defence.

The defendants were incorporated with power to insure

against loss or damage by fire, with a charter containing the following provision :   " If there shall be any other insurance upon the whole or any part of the property insured by any policy issued by said company, during the whole or any part of the time specified in such policy, then every such policy shall be void, unless such double insurance shall exist by consent of said company, indorsed upon the policy under the hand of the secretary."

The defendants insured Mrs. Couch, one of the plaintiffs, on a dwelling house and other property owned by her, by a policy containing a condition similar in substance to the above provision of the charter.   At the time the policy was issued other insurance existed on the same property in the North American Fire Insurance Company, but the consent of the defendants to such other insurance was not indorsed upon the policy.   The insured property having been destroyed by fire, this action was brought to recover the loss.

On the trial the plaintiffs claimed that it was competent for the defendants to waive the above conditions of the charter and the policy, by acts in parol, and introduced parol evidence to prove such waiver by the officers and agent of the company. The defendants objected to the admission of such evidence, but the court admitted it.   The defendants also asked the court to charge the jury that it was not competent to prove the consent of the company to such double insurance by any other evidence than an indorsement of such consent upon the policy under the hand of the secretary, nor was it competent for the executive officers of the company, by any acts in parol, to waive a substantial compliance with the requirements of their charter in this respect, and in reference to this policy.

The court (*Pardee, J.*) charged the jury, that the question of waiver was for them upon all the evidence before them, and that, if the executive officers of the company had waived the right to require such evidence of consent, by any acts in parol which they should find proved in the case, or if they had authorized their agent, and he had so waived, then the company was bound, and was estopped by such acts and

waiver, notwithstanding the charter and the conditions of the policy, and without such indorsement as was called for by the charter.

The jury returned a verdict for the plaintiffs, and the defendants moved for a new trial for a verdict against evidence, and for errors in the rulings and charge of the court. Several points were raised in the motion which, as well as a statement of the evidence, are omitted as unnecessary in view of the decision.

*F. Chamberlin* and *H. C. Robinson,* in support of the motion, cited *Barrett* v. *Union Mut: Fire Ins. Co.,* 7 Cush., 175; *Hale* v. *Mechanics' Mut. Fire Ins. Co.,* 6 Gray, 169; *Worcester Bank* v. *Hartford Fire Ins. Co.,* 11 Cush., 265; *Odiorne* v. *New England Mut. Marine Ins. Co.,* 101 Mass., 551; 1 Phillips on Insurance, ch. 1, sec. 2, §§ 10, 11; *Head* v. *Providence Ins. Co.,* 2 Cranch, 127; *Bank of Augusta* v. *Earle,* 13 Pet., 519; *Dartmouth College* v. *Woodward,* 4 Wheat., 636; *Bank of United States* v. *Dandridge,* 12 id., 69; Abbott's Dig. Corp., "contracts," §§ 161, 162; *Homersham* v. *Wolverhampton Water Co.,* 4 Eng. Law & Eq., 429; *St. Andrews Bay Land Co.* v. *Mitchell,* 4 Fla., 192; *Tebbetts* v. *Hamilton Mut. Ins. Co.,* 3 Allen, 569; *Evans* v. *Trimountain Ins. Co.,* 9 id., 331; *Kearns* v. *Leaf,* 1 Hem. & Mil., 706; *Hoyt* v. *Thompson's Ex'r,* 19 N. Y., 207, 222; *New York Fire Ins. Co.* v. *Ely,* 5 Conn., 567; *Catlin* v. *Eagle Bank of New Haven,* 6 id., 240; *Town of Berlin* v. *Town of New Britain,* 9 id., 175; *Philadelphia Loan Co.* v. *Towner,* 13 id., 260; *Hood* v. *New York & New Haven R. R. Co.,* 22 id., 17, 18, 508; *City of New London* v. *Brainard,* id., 552; *Mechanics' and Workingmens' Mut. Savings Bank and Building Association* v. *Meriden Agency Co.,* 24 id., 163; *Naugatuck R. R. Co.* v. *Waterbury Button Co.,* id., 482; *Occum Co.* v. *Sprague Manufacturing Co.,* 34 id., 529; *New England Fire & Marine Ins. Co.* v. *Robinson,* 25 Ind., 541; *Carpenter* v. *Providence Washington Ins. Co.,* 16 Pet., 495; *Hutchinson* v. *Western Ins. Co.,* 21 Mo., 97; *Torrey* v. *Dustin Monument Association,* 5 Allen, 327; *Brady* v. *The City of New York,*

20 N. Y., 312; *Merritt* v. *Niagara District Mut. Fire Ins. Co.*, 18 Upper Canada, Q. B., 529; *Darcy* v. *Tamar, Kit Hill & Cullington Railway Co.*, 2 Law Rep., (Exch.), 158.

*C. E. Perkins* and *Spencer*, contra, cited *Peck* v. *New London County Mut. Ins. Co.*, 22 Conn., 586; *Post* v. *Williams*, 33 id., 152; *Danbury & Norwalk R. R. Co.* v. *Wilson*, 22 id., 448; *Ives* v. *Town of North Canaan*, 33 id., 405; *Paine* v. *Stewart*, id., 528; *Toll Bridge Co.* v. *Betsworth*, 30 id., 390; *Lewis* v. *Monmouth Mut. Fire Ins. Co.*, 52 Maine, 492; *Brewer* v. *Chelsea Mut. Fire Ins. Co.*, 14 Gray, 203; *Barnes* v. *Union Mut. Fire Ins. Co.*, 45 N. H., 21; *New England Fire & Marine Ins. Co.* v. *Robinson*, 25 Ind., 536; *Carroll* v. *Charter Oak Ins. Co.*, 38 Barb., 402.

PARK, J. Whatever may be thought of most of the questions involved in this case, we think there is one which is clearly fatal to the plaintiffs' claim; and we shall therefore confine our attention to that question alone.

The twelfth section of the charter of the defendants provides that "if there shall be any other insurance upon the whole or any part of the property insured by any policy issued by said company, during the whole or any part of the time specified in such policy, then every such policy shall be void, unless such double insurance shall exist by consent of said company, indorsed upon the policy under the hand of the secretary." There was such double insurance in this case at the time this policy was issued, and the consent of the company thereto was not indorsed upon the policy. The charter therefore declares the policy void, and it is void unless the twelfth section is of such a character that its provisions can be waived by the defendants.

If this provision was made solely for the benefit of the defendants, there might be force in the claim of the plaintiffs that it could be waived, on the ground that what is exclusively for the benefit of a person, either natural or artificial, is for him to enjoy or not as he pleases; and if he chooses to forego the benefit, he has a right to do so, as no one but him is in-

Couch *v.* City Fire Insurance Co.

terested in the matter. But we think the defendants are not solely interested in this provision of the charter. It was made to guard against the danger of over-insurance. It is well known that over-insurance encourages incendiary fires; and insurers are therefore extremely careful not to insure property to the full amount of its value, but leave the assured to be himself the insurer of a part thereof, that he may have a common interest with them in the preservation of the property. The eleventh section of the defendants' charter, as well as the one under consideration, shows what solicitude the legislature entertained upon this subject, and the great care they exercised to prevent this evil.

Such being the tendency of over-insurance, it is manifest that it endangers not only the welfare of insurers, but the welfare of all their policy holders, who have a deep interest in their solvency in case of loss by fire. Insurance companies insure property to an amount many times their capital, and it may easily happen that a few fraudulent incendiary fires scattered over the country, should involve them and their policy holders in heavy and perhaps ruinous losses. But the evil of over-insurance does not stop here. Every where insured property is mingled indiscriminately with property not insured. The burning of the insured property burns the other also; and every year vast amounts of property not insured go to destruction, in consequence of the over-insurance of property in its neighborhood. Surely, the welfare of such owners should be considered by legislatures, and provision should be made for them when corporations like these are created. It is to be considered also that the welfare of the state, which has an interest in all the property of the state, requires that this should be done.

One great source of this evil is the insurance of the same property by different companies, when each company is not aware of the act of the other. To prevent this evil, as far as may be, in the present case, we think the legislature inserted the twelfth section in the defendants' charter, intending thereby to put it out of the power of the defendants to insure property otherwise than is provided therein.

The evil could not be successfully reached by merely requiring the *consent* of the company to such further insurance. There would be no security from misunderstanding, misremembrance and fraud. The difference is great between leaving the consent of the company to be proved by the vagueness and uncertainty of parol evidence, and requiring it to be shown by a formal indorsement upon the policy under the hand of their secretary, which could not be made without consideration and deliberation on the one hand, and certainty of the fact on the other. *Hale* v. *Mechanics' Mut. Fire Ins. Co.*, 6 Gray, 169.

This difference is all-important in a case like this; and indeed, if mere consent was all that the legislature intended by the twelfth section of this charter, then no object was accomplished, or could be accomplished, by inserting it in the charter; for if the defendants should make an absolute contract of insurance, without any condition that it should become void, if there was or should be further insurance on the property by any other company, during the whole or any part of the time covered by the policy, they would be taken by jurors as having given consent in advance to such further insurance; or the mere fact of such absolute contract would be sufficient evidence with them of a waiver of the condition. It would be urged that the plaintiff was ignorant of the provisions of the charter, and if the defendants intended to make it a part of the contract, they would have informed the plaintiff by inserting it in the policy. Thus, in order to make it a part of the contract, it would have to be inserted in the policy of insurance, whether it was embodied in the charter or not; and, if inserted in the policy, it would have all the effect that the charter could give it, if the legislature intended no more by this provision than mere consent. We think therefore that the legislature had more than this in view, and intended to limit the power of the company in the matter.

If then the twelfth section must have such construction, manifestly it could not be waived by the defendants, or departed from in any essential particular; for, in the language

of Chief Justice MARSHALL in the case of *Head* v. *Providence Ins. Co.*, 2 Cranch, 127, "the act of incorporation is an enabling act; it gives the corporation all the power it possesses; it enables it to contract, and when it prescribes to it a form of contracting it must observe that mode, or the instrument no more creates a contract than if the body had never been incorporated." Phillips on Insurance, vol. 1, page 9, says, an incorporated insurance company "is the mere creature of the act to which it owes its existence, and may be said to be precisely what the incorporating act has made it, to derive all its powers from that act, and to be capable of exercising them only in the manner which that act authorizes." See also *New London* v. *Brainard*, 22 Conn., 552; *Occum Co.* v. *Sprague Manufacturing Co.*, 34 Conn., 529; *Hood* v. *N. York & N. Haven R. R. Co.*, 22 Conn., 502.

We think, therefore, that it was not competent for the plaintiff to prove the consent of the defendants to the double insurance on the plaintiffs' property, by any other evidence than an indorsement of such consent on the policy under the hand of the secretary of the company; and 'that the jury should have been so instructed.

We advise the Superior Court to grant a new trial.

In this opinion the other judges concurred; except FOSTER, J., who dissented.