Wood v. Deutchman.

---

No. 8560.

WOOD v. DEUTCHMAN.

ACCOUNT.—*Evidence.*—*Award.*—*Partnership.*—A complaint before a justice on account for a "balance on settlement of partnership accounts," is not sustained by putting in evidence an award made by arbitrators for an amount due on adjustment of partnership transactions. The plaintiff's suit should be on the award.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

*D. C. Anthony*, for appellee.

NIBLACK, J.—This action was commenced before a justice of the peace upon a complaint as follows :

"CHARLESTOWN, IND., March 17th, 1879.

"Frank M. Wood, to Martin Deutchman, Dr., seventy-eight dollars and fifteen cents, balance on settlement of partnership accounts, which is now due and unpaid.

"MARTIN DEUTCHMAN."

The plaintiff obtained judgment before the justice, and the defendant appealed to the circuit court. Trial by the court ;

Wood v. Deutchman.

finding for the plaintiff in the sum of $78.15; new trial refused, and judgment for the plaintiff.

It is contended that the finding of the court was not sustained by the evidence.

It was made to appear by the evidence that the plaintiff and defendant had been partners in a flouring mill; that litigation had ensued concerning their partnership business; that they had entered into a written agreement adjusting a portion of their unsettled business, and agreeing to refer what remained unadjusted to two persons as arbitrators, to be mutually chosen; that Christian G. Badger and Evan Shelby were afterwards chosen as such arbitrators; that they submitted an award containing a review of certain business transactions of the firm, and concluding with an expression of the opinion that the defendant was indebted to the plaintiff upon a final adjustment of those transactions, in the sum of $105.52.

This award, on being produced and identified, was read in evidence by the plaintiff over the objection of the defendant. It was further made to appear that certain claims, arising out of the partnership business, had been placed in the hands of one Abner J. Kiel, a justice of the peace, for collection, and that he had, out of the proceeds of those claims, paid over to the plaintiff sums sufficient to reduce the amount found to be due by the award to the sum demanded in the complaint.

The award made no reference to any claims in the hands of Kiel for collection, or for any other purpose. This evidence did not establish a claim for an amount due from the defendant upon a settlement between the parties. It showed, rather, that the mutual accounts between the parties had been merged in an arbitration proceeding, and that the plaintiff's remedy, if any, was on the award.

The finding was not, therefore, sustained by the evidence.

The judgment is reversed with costs, and the cause remanded for a new trial.

Petition for a rehearing overruled.