No. 10,052.

## Indiana Insurance Company v. Brehm.

INSURANCE.—*Misrepresentation as to Liens.*—A policy of insurance against fire issued upon an application in which it is falsely stated by the assured that there are no encumbrances upon the property, when in truth there was a subsisting mortgage known to him, for $450, can not be enforced.

SAME.—*Change of Occupancy.—Notice.—Prostitution.*—The change of ordinary sleeping apartments into a house of assignation and prostitution is such a change of occupancy of the insured premises as to require notice to the underwriter, where the terms of the policy provide that a failure to give notice of any change in the occupancy shall make it void.

ARBITRATION AND AWARD.—*Submission.—Misrepresentation of Law.—Insurance Policy.*—An award of arbitrators mutually chosen, where the submission was not revoked, and was procured by a misrepresentation of law, will bar a suit upon the original cause of action. Misrepresentations as to the obligations imposed by a policy of insurance on an insurance company, after the building had burned, are misrepresentations as to matters of law, and not of fact.

SAME.—*Interest of Arbitrator.*—Partiality or interest of an arbitrator, of which the parties had knowledge before the award was made, is no ground for setting it aside. The remedy would be to revoke the submission.

From the Madison Circuit Court.

*V. Carter, C. L. Henry* and *H. C. Ryan,* for appellant.
*H. D. Thompson* and *T. B. Orr,* for appellee.

NIBLACK, C. J.—Action by Philip Brehm against the In-

diana Insurance Company, of Indianapolis, upon a fire insur-
ance policy issued to the plaintiff, agreeing to indemnify him
"to the amount of $500 on his two-story frame, shingle-
roofed, business building, size 18x50 feet, and first floor un-
occupied—second floor occupied by applicant for sleeping
rooms," and situate in the city of Anderson, in this State. ·

The policy contained, among many others, a stipulation
that in case differences should arise as to any loss or damage,
not involving the validity of the contract of insurance or the
liability of the company, such differences should, at the writ-
ten request of either party, be submitted to competent and
impartial persons, one to be chosen by each party, and the
two so chosen to select an umpire to act with them in case of
their disagreement, and the award in writing of any two of
them was to be binding and conclusive as to the amount of
such loss or damage, or as to any question, matter or thing so
submitted.

The policy also contained a stipulation that it should be-
come void and of no effect for failure or neglect of the as-
sured to comply with any of its terms, conditions or covenants,
one of which covenants was that the plaintiff was to notify
the defendant of any change in the nature or character of the
occupation of the property insured, or of any increase of
hazard within his knowledge or control.

The defendant answered:

*First.* In general denial.

*Second.* That after building was burned, as charged in the
complaint, the parties, being unable to agree as to the amount
of the loss or damage, entered into an agreement in writing
in accordance with the condition contained in the policy, to
submit their matters in difference to George H. Beck and
William H. Fulton as arbitrators mutually chosen, and to be
bound by their award; that said Beck and Fulton, after hav-
ing considered the matters submitted to them, signed and
made their award in writing, estimating and fixing the plain-

tiff's damages at $250, which sum had been tendered to the plaintiff and refused by him.

*Third.* That, at the time the policy of insurance was issued, it became and was material for the defendant to know whether or not the property to be insured was encumbered in any way; that, consequently, by the terms of his application, the question was propounded to the plaintiff, "Is said property mortgaged or otherwise encumbered?" to which he answered "No." When in truth and in fact the property in question was at the time encumbered by a mortgage to secure the sum of $450, and interest thereon, which mortgage was still in force, all of which was well known to the plaintiff.

*Fourth.* That after the policy was issued, and continuously up to the time at which the building was burned, the plaintiff used the second story of such building as a house of prostitution and of assignation, at which lewd persons of both sexes were permitted by him to congregate and remain, carousing, swearing, smoking, fighting and committing acts of prostitution and fornication, without notifying the defendant of such change in the nature or character of the occupation of the building, or of the increased hazard by reason of the change in the manner of its use.

Demurrers were sustained to the third and fourth paragraphs of the answer, and the plaintiff replied to the second paragraph, that he was induced to enter into the agreement to submit the amount of damages to arbitration by the fraudulent representations of the defendant as to the proper construction to be placed upon some of the terms and conditions of the policy of insurance, and as to nature of the obligations imposed by such terms and conditions, particularly specifying the representations complained of; that Fulton, one of the men afterwards selected as an arbitrator, stood by and heard these representations, understanding at the time that he would be so selected if an arbitration should be agreed upon, and representing that he was disinterested, and that he would see that the plaintiff would get the full amount of his policy in

any award that might be made, all of which representations he, the plaintiff, believed and relied upon; that Fulton was, at that time, an agent for, and a member of, said Indiana Insurance Company, and interested in its behalf, and was present for the express purpose of being an arbitrator so that he could thereby aid the defendant in cheating and defrauding the plaintiff out of a part, if not all, of the money due him upon his policy; that all of the representations made by the defendant and Fulton, as above set forth, were false, and known by them to be false when made.

The defendant demurred to this reply, but its demurrer was overruled. Verdict for the plaintiff, assessing his damages at $500, and judgment on the verdict.

Error is assigned upon the several rulings upon demurrer, noted as above.

A recent writer on the law of fire insurance states the rule to be that "When the policy requires that the insured shall truly state all incumbrances existing upon the property at the time of insurance, and also contains a condition that any concealment or misrepresentation shall make such insurance void, a failure to disclose all the incumbrances upon the property, is such a concealment within the meaning of the condition, as invalidates the policy, and it is immaterial whether the policy contains such a provision or not, if a written application is made which is referred to and made a part of the policy, and the insured omits to state all the incumbrances, or falsely states the same, for in such a case the statements of the assured amount to warranties, and must be strictly true, and it would seem that this would be the case, even though the application is not made a part of the contract, because it is a concealment or misrepresentation of a *material* fact." Wood Fire Ins., section 112, and notes.

The rule thus stated by Wood is well supported by the authorities, and ought, we think, to be accepted as a correct statement of the law on the subject to which it relates. Arnold Ins. 517; Flanders Fire Ins. 306–321; May Ins., sec.

290, et seq.; *Commonwealth's Ins. Co.* v. *Monninger*, 18 Ind. 352; *Patten* v. *M. & F. M. F. Ins. Co.*, 38 N. H. 338; *Byers* v. *Farmers' Ins. Co.*, 35 Ohio St. 606 (35 Am. R. 623); *Davenport* v. *N. E. M. F. Ins. Co.*, 6 Cushing, 340; *Columbia Ins. Co.* v. *Lawrence*, 10 Peters, 507.

The conversion of an ordinary sleeping apartment into a house of assignation and prostitution, kept in a disorderly manner, evidently constitutes a material change in the nature and character of the occupation of the house, and ought, in a proper case, to be so held when pleaded and proven.

Whether the facts relied upon as defences by the third and fourth paragraphs of the answer respectively were pleaded with such formality and precision as were necessary to make those paragraphs good upon demurrer, suggests an enquiry upon which we need not now enter, and, consequently, concerning which nothing is intimated.

We content ourselves with the simple announcement of some general propositions as applicable to the defences which it was the palpable purpose of those paragraphs to interpose. Misrepresentations as to the obligations imposed by the policy on the insurance company after the building had been burned were misrepresentations as to matters of law, and not of fact, and were, hence, misrepresentations upon which the plaintiff had no right to rely. *Burt* v. *Bowles*, 69 Ind. 1; *Clodfelter* v. *Hulett*, 72 Ind. 137.

Partiality, interest or relationship on the part of an arbitrator is no ground for setting aside an award, if the party complaining had knowledge of the facts when he agreed to submit the cause to arbitration, or in time to revoke the submission before the award was made. By going on after the facts came to his knowledge, he is estopped from setting them up to defeat the award, even though the result may have been injurious to him. 6 Wait's Actions & Defenses, 518, 554; *Hough* v. *Beard*, 8 Blackf. 158; Russell Awards, 103; Morse Arbitration & Award, 104; Caldwell Arbitration, 98.

As will be observed, the reply to the second paragraph of

answer did not aver that Fulton's interested relations with the insurance company were unknown to the plaintiff at the time he entered into the agreement to arbitrate his claim, nor that the existence of such relations did not come to his knowledge until it was too late to revoke the submission; nor was it averred that Fulton was guilty of any misconduct after he was chosen one of the arbitrators, or that the plaintiff had any just cause of complaint against the award on its merits. The averments of the reply did not, therefore, make out a case either under the statute, or in accordance with the general rules of practice, for setting aside an award. R. S. 1881, sec. 845.

A valid award upon a claim under a policy of insurance is a bar to an action on the policy. Arnold Insurance, 1245; Wait's Actions & Defenses, 550; Russell Awards, 476, 478; Morse Arbitration & Award, 487, 490; Caldwell Arbitration, 301, and notes; *Wood* v. *Deutchman,* 80 Ind. 524.

The demurrer to the reply to the second paragraph of the answer ought to have been sustained.

The judgment is reversed, with costs, and with leave to both parties to amend their pleadings, and the cause is remanded for further proceedings.