No. 10,433.

BUCK v. MILFORD.

PLEA OF ESTOPPEL.—*Sufficiency of Answer.—Demurrer.—Error.*—It is error to overrule a demurrer to an answer of estoppel, which fails to show that the plaintiff had knowledge of the facts constituting the estoppel, and which does show that the defendant had knowledge, or the means of knowledge, of all such facts.

From the Fountain Circuit Court.

*S. F. Wood* and *J. Copner,* for appellant.

*M. Milford,* for appellee.

HOWK, J.—This was a suit by the appellant against the appellee, to recover damages for the alleged wrongful and unlawful taking possession and conversion of certain articles of property. The cause was put at issue and tried by a jury, and a verdict was returned for the appellant, assessing her damages in the sum of $103. The appellee's motion for a new trial was sustained by the court, and to this ruling appellant excepted. The issues joined were then tried by the court, and a finding was made for the appellee, and judgment was rendered accordingly. Appellant's motion for a new trial having been overruled by the court, and her exceptions saved to such ruling, she has appealed from the judgment rendered to this court.

The first error complained of in argument by appellant's counsel is the decision of the court in overruling her demurrer, for the want of sufficient facts, to the second paragraph of appellee's answer. In this paragraph of his answer, the appellee alleged, in substance, that at the respective times of each of the acts complained of in appellant's complaint, he was and since had been the administrator of the estate of Christina Buck, deceased, and, as such administrator, took possession of the property described in the complaint, and made an inventory of the estate of said Christina, of all the personal property of such decedent, including the property described in the complaint; that at the time he made such inventory the appellant was present, stood by and made no claim of title in or to the property contained in such inventory, and the property, contained in the inventory, was all the property appellee took possession of, and was the identical property described in the complaint, and the appellee, in no other way, had possession thereof. Wherefore the appellee said that appellant was estopped to claim title in said property, and ought not to recover in this action.

We are of opinion that the facts stated in this paragraph were not sufficient to constitute a good answer in estoppel, and that the appellant's demurrer thereto ought to have been sustained.   It was not alleged that appellant was fully apprised of her legal rights in the property, described in her complaint, at the time appellee included such property in his inventory of Christina Buck's estate; nor was it alleged, even, that appellant knew, or had the means of knowing, that appellee was including such property in such inventory. It was not alleged that appellee was induced by the presence and silence of the appellant to include the property, described in her complaint, in the inventory of his decedent's estate, and to take possession thereof and convert the same to his own use; indeed, it was not alleged in the paragraph of answer under consideration, that at the time the appellee inventoried, took possession of and converted the property described in the complaint, he did not know, nor have the means of knowing, that such property was owned and possessed by the appellant, in her own right; nor was it alleged that he even believed, or had cause to believe, that such property belonged to the estate of Christina Buck, deceased.   It is well settled that, to constitute a valid estoppel by conduct, there must be knowledge on the part of the party sought to be estopped, and a want of knowledge on the part of the party relying upon the estoppel. The converse of this must also be true, that there can be no valid estoppel where there is a want of knowledge on the part of the party sought to be estopped, and knowledge, or the means of knowledge, on the part of the party relying upon the estoppel. *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424; *Long* v. *Anderson*, 62 Ind. 537; *Lash* v. *Rendell*, 72 Ind. 475; *Robbins* v. *Magee*, 76 Ind. 381.

Our conclusion is, therefore, that the court clearly erred in the case at bar in overruling the appellant's demurrer to the second paragraph of the answer.

As this conclusion requires the reversal of the judgment, and, perhaps, the formation of new issues, we need not extend

this opinion in the consideration of the other errors complained of, as these will hardly occur again on a new trial of the cause.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.