## No. 11,116.

## LEONARD v. THE AMERICAN INSURANCE COMPANY.

INSURANCE.—*False Representations as to Liens.—Defence.*—In an action upon a policy of insurance against loss by fire, a paragraph of answer, wherein it is stated that the policy was issued upon the written application of the plaintiff for the insurance, in which application he falsely represented that the buildings to be insured were free from incumbrances, when, in truth, the buildings were incumbered by the lien of certain judgments, is a good defence in bar of the action.

SAME.—*Charter of Company.—Power to Contract.—Mode of Contracting.— Ultra Vires.— Waiver.*—An incorporated insurance company is the creature of its charter, and where the charter gives it power to contract, and prescribes the mode or form of making such contract, the company must

observe the form or mode prescribed, or the contract will be void; and in such case it is not within the power of the officers or agents of the company to waive a strict compliance with the requirements of its charter.

From the Owen Circuit Court.

*J. H. Fowler* and *A. B. Young*, for appellant.

*A. W. Fullerton, W. Richards, S. O. Pickens, W. W. Moffett* and *W. A. Pickens*, for appellee.

Howk, C. J.—This was a suit by the appellant against the appellee upon a certain policy of insurance, whereby the appellee undertook and agreed to pay all loss and damage which the appellant might sustain, by reason of fire or lightning, to certain described property, not exceeding in amount the sum of $2,350. It was alleged in his complaint, that the appellant was the owner of the insured property, and that the same was destroyed by fire, without design or gross negligence on his part, during the lifetime of the policy of insurance. The appellee answered in three paragraphs, of which the first was a general denial of the complaint, and each of the other paragraphs stated special or affirmative matters by way of defence. To the second and third paragraphs of answer, the appellant replied in three paragraphs, of which the first was a general denial, and each of the other paragraphs stated special matter in reply to a specific part only of the third paragraph of answer. The appellee's demurrers, for the want of sufficient facts, to the second and third replies, were sustained by the court, and the appellant failing and refusing to reply further to the third paragraph of answer, the court found and adjudged that the matters and things set forth in the third paragraph of appellee's answer were sufficient in law to bar the appellant's right of action on the policy of insurance described in his complaint. Thereupon, final judgment was rendered that the appellant take nothing by his suit, and that appellee recover of him its costs.

The case is before this court for the second time. *American Ins. Co.* v. *Leonard*, 80 Ind. 272. On the former appeal,

it was held that the second paragraph of the defendant's answer stated a good defence to the action. But the sufficiency of the third paragraph of answer was neither considered nor decided by this court, on the first appeal. The judgment was then reversed, because of error in overruling a demurrer to a paragraph of reply, which was pleaded to the entire answer, but in fact responded to part only of the answer.

When the cause was returned to the circuit court, no change was made in either the complaint or answer; but the appellant, Leonard, filed amended replies.

In the second paragraph of its answer, the appellee alleged, in substance, that the premium notes, given by the appellant for the policy in suit, were due and unpaid at the time of the loss, and that the policy by its terms was thereby avoided. On the former appeal, this paragraph of answer was held to be a good defence, on the authority of *American Ins. Co.* v. *Henley*, 60 Ind. 515.

In the third paragraph of its answer, the appellee admitted its issue of the policy in suit, but averred that appellee was a mutual insurance company incorporated under the laws of the State of Illinois; that by the terms of the policy in suit, the laws constituting the appellee's charter were made a part of such policy; that in section 16 of appellee's charter, it was provided as follows: "Said company may make insurance for any term not exceeding five years, * * * in all cases where the assured has a title in fee simple, unincumbered, to the building or buildings insured and to the land covered by the same; but if the insured has a less estate therein, or if the premises be encumbered, the policy shall be void unless the true title of the assured, and the encumbrance on the premises be expressed therein." And the appellee averred that at the time of its issue of the policy in suit, the premises insured were encumbered by certain judgments, which encumbrances were not expressed in such policy, and the same was void. The appellee further alleged that the appellant made a written application to the appellee

for such insurance; that in such application the appellant represented that the buildings to be insured were free from encumbrances; that, in truth, such buildings were encumbered by the lien of certain judgments; and that, therefore, by its terms, the policy in suit was void.

This paragraph of answer stated facts sufficient to constitute a good defence to the appellant's cause of action. In *Indiana Ins. Co.* v. *Brehm*, 88 Ind. 578, it was held by this court that a policy of insurance against loss by fire, issued upon a written application wherein it is falsely stated that the buildings to be insured are free from encumbrances, when in truth they were at the time encumbered by valid subsisting liens, can not be enforced. Wood Fire Ins., section 112; *Commonwealth Ins. Co.* v. *Monninger*, 18 Ind. 352; *Cox* v. *Ætna Ins. Co.*, 29 Ind. 586.

The first paragraph of the appellant's reply was a general denial of the appellee's answer. The second and third paragraphs of the reply were pleaded to the third paragraph only of the answer. In the second paragraph of his reply, the appellant admitted the encumbrances on the buildings insured and on the real estate whereon such buildings were situate, as the same were stated in the third paragraph of appellee's answer, except as to one of the judgments mentioned therein, but he averred that at the time the appellee took his application for the insurance of his property, described in such application and in the policy in suit, and at the time of the issuing of such policy of insurance on the property insured, the appellee had full knowledge of all said encumbrances on the buildings insured, and on the real estate upon which such buildings were situate, such encumbrances, and each and all of them, having been fully explained and made known to the appellee by the appellant, at and before the time of his making the application for such insurance and before the issue of the policy in suit; and that the appellee, at and before the taking of appellant's application for such insurance, and at the time of issuing to him such policy of insurance, had full

knowledge and information of the said condition of the title to such buildings insured, and to the real estate whereon the buildings were situate. And the appellant averred that at the time of his making the application for such insurance, and at the time of the issue to him of the policy in suit, the provisions and conditions of the charter, under which the appellee did business, were not made known to him; neither was such charter in any way made part of such application or policy, so that the appellant might know its provisions, and he never knew the provisions of such charter until after his barn was destroyed by fire, as alleged in his complaint. Wherefore the appellant said that the appellee was estopped from setting up any defence in this action on account of any of said encumbrances on the buildings insured or on the real estate upon which such buildings were situate, or on account of any defect in the appellant's title to such buildings and real estate.

The only difference between the second and third paragraphs of reply, which we have discovered, is one of phraseology rather than of substance. If the second reply is sufficient to withstand the appellee's demurrer, so, also, is the third reply, but not otherwise. A corporation, such as the appellee, can only transact its insurance business through its officers or its agents. If the appellee itself, through its principal officers, upon the facts stated in the third paragraph of its answer, could not make and issue a valid, legal and binding contract or policy of insurance, through an absolute want of corporate power so to do, it would seem to be clear that none of its subordinate agents or solicitors could, upon the same facts, make and issue a valid, legal and binding contract or policy of insurance; in other words, where the question is one of corporate power, if there can be no waiver by the corporation itself, acting directly through its principal officers, there certainly can not be any waiver where the corporation is sought to be charged by and through the acts of its subordinate agents or solicitors. We are of opinion, therefore, that the questions

for decision in this case are presented as fully and as fairly for the appellant by the second paragraph of his reply, of which we have given a full summary, as by the third paragraph of his reply. The substantial difference between the two paragraphs of reply lies in the fact that while the second paragraph charges the appellee itself with full knowledge of the encumbrances on the insured property, at and before the issue of the policy in suit, the third paragraph charged such knowledge on the local and subordinate agents of the appellee, to whom the appellant made his application for, and through whom he received the policy in suit.

It will be seen from our summary of the third paragraph of answer, that the defence therein stated is based upon the alleged fact that the appellee had no corporate power to make or issue the contract or policy of insurance, declared upon by the appellant in his complaint in this case. In the case of *Head* v. *Providence Ins. Co.*, 2 Cranch, 127, Chief Justice MARSHALL said: "The act of incorporation is to them an enabling act; it gives them" (the corporation) "all the power they possess; it enables them to contract, and when it prescribes to them a mode of contracting, they must observe that mode, or the instrument no more creates a contract than if the body had never been incorporated." So, in 1 Phillips Insurance, p. 9, it is said, that an incorporated insurance company is "the mere creature of the act to which it owes its existence, and may be said to be precisely what the incorporating act has made it, to derive all its powers from that act, and to be capable of exerting its faculties only in the manner which that act authorizes."

Whenever the charter of an insurance company requires that any act shall be done, and prescribes the mode in which such act shall be done, and declares that if the act be not done in the manner prescribed, the contract or policy of insurance shall be void, the company can not waive the performance of such act in the prescribed mode; for performance of any condition of the contract, fixed by law, can not be waived.

This has been repeatedly declared to be the law in cases involving the question of double insurance. Thus, in *Couch* v. *City Fire Ins. Co.*, 38 Conn. 181, where the charter of the insurance company provided that " if there shall be any other insurance upon the whole or any part of the property insured by any policy issued by said company, during the whole or any part of the time specified in such policy, then every such policy shall be void, unless such double insurance shall exist by consent of said company, endorsed upon the policy under the hand of the secretary," it was held by the Supreme Court of Connecticut that the insurance company could not waive the performance of the act required by such provision of its charter, in the mode prescribed, and that its consent to double insurance could only be proved by the endorsement thereof upon the policy, under the hand of the secretary. To the same effect, substantially, are the following cases: *Security Ins. Co.* v. *Fay*, 22 Mich. 467 (7 Am. R. 670); *Blanchard* v. *Atlantic Mut. Fire Ins. Co.*, 33 N. H. 9; *Hutchinson* v. *Western Ins. Co.*, 21 Mo. 97; *Worcester Bank* v. *Hartford Fire Ins. Co.*, 11 Cush. 265; *Pendar* v. *American Mut. Ins. Co.*, 12 Cush. 469; *Simpson* v. *Pennsylvania Fire Ins. Co.*, 38 Pa. St. 250; *Fabyan* v. *Union Mut. Fire Ins. Co.*, 33 N. H. 203.

In the case at bar, as shown by the averment of the third paragraph of answer, the appellee had power to make contracts of insurance " in all cases where the assured has a title in fee simple, unencumbered, to the building or buildings, and to the land covered by the same; but if the insured has a less estate therein, of if the premises be encumbered, the policy shall be void unless the true title of the assured and the encumbrance on the premises be expressed therein." These were the provisions of the appellee's charter, and neither its principal officers nor its subordinate agents could waive compliance therewith. When it was alleged by the appellee, and admitted by the appellant, that there were encumbrances on

the premises which were not expressed in the policy in suit, then, by the express terms of the law of appellee's creation and existence, the policy was void.

The appellant is in no condition, as it seems to us, to claim that the appellee is estopped by the acts and conduct of either its principal officers or its subordinate agents, from asserting and showing that the policy in suit is void. The laws of Illinois, constituting the appellee's charter, were made a part of appellant's policy of insurance. In section 2 of such charter it was provided that every person who should become interested in such company by insuring therein should be deemed and taken to be a member thereof, for and during the term specified in his policy, and no longer, " and shall at all times be concluded and bound by the provisions of this act." By accepting his policy of insurance, therefore, the appellant became and was a member of the appellee company, and, as such, was " concluded and bound by the provisions " of its charter. As such member the appellant knew, or had the means of knowing, and, therefore, was bound to know, that his policy of insurance was void, for want of corporate power in the appellee to issue such a policy. It is well settled that where both the parties to a transaction have equal knowledge, or means of knowledge, of all the facts, there can be no valid estoppel. *Greensburgh, etc., T. P. Co.* v. *Sidener,* 40 Ind. 424; *Long* v. *Anderson,* 62 Ind. 537; *Lash* v. *Rendell,* 72 Ind. 475; *Robbins* v. *Magee,* 76 Ind. 381; *Buck* v. *Milford,* 90 Ind. 291.

Our conclusion is, therefore, that the court did not err in sustaining the appellee's demurrers to the second and third paragraphs of appellant's reply.

We find no error in the record.

The judgment is affirmed, with costs.

Filed May 26, 1884. Petition for a rehearing overruled Sept. 19, 1884.