## DETERMINED BY THE

# SUPREME COURT OF APPEALS

### OF

## WEST VIRGINIA

### CHARLESTON.

MORGAN v. AMERICAN CENTRAL INSURANCE CO.

Submitted March 13, 1917.   Decided March 20, 1917.

1. JUDGMENT—*Suit by Motion—Statute.*

   Suit may be brought and maintained on a fire insurance policy by motion, after due notice thereof, as provided by Sec. 6, Ch. 121, Code of W. Va.  (p. 2).

2. INSURANCE—*Fire Insurance—Provision Against Assignment— Limitation of Agent's Authority—Validity.*

   The following provision in a fire insurance policy is a reasonable condition and is binding on the insured, viz.: "This entire policy unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, * * * * if this policy be assigned before a loss;" and further provisions therein that, "no officer or agent of the company shall have power to waive any of the provisions or conditions of the policy except such as by the terms of the policy may be the subject of agreement endorsed hereon or added hereto;" and that no officer or agent shall have power to waive any of the conditions, "unless such waiver, if any, shall be written upon or attached hereto," are reasonable limitations upon the agent's powers of which the insured is bound to take notice. (p. 3).

3. SAME—*Fire Insurance—Transfer of Policy—Indorsement.*

   Such policy is rendered void, if a transfer thereof is made by the insured before loss, without such written consent, even though made under oral advice and direction of the agent.  (p. 8).

Error to Circuit Court, McDowell County.

Action by R. M. Morgan against the American Central In-

surance Company.  Judgment for plaintiff, and defendant
brings error.

                    *Reversed, verdict set aside, new trial awarded.*

   *Goodykoontz & Scherr*, for plaintiff in error.
   *Strother, Taylor & Taylor*, for defendant in error.

WILLIAMS, JUDGE:

   Writ of error to a judgment of the circuit court of Mc-
Dowell county upon a fire insurance policy.

   This suit was instituted by motion made upon notice, as
provided by Sec. 6, Ch. 121, Code of W. Va.  A motion to
quash the notice on the ground that the statute did not apply
to a fire insurance policy, and second, because the notice was
not sufficient, was made and overruled.  The objection is
not well taken.  Suit may be instituted by notice and motion,
under the statute referred to, in any case where the party is
"entitled to recover money by. action on any contract."  A
policy of fire insurance is a contract on which the insured is
entitled to recover money, after a loss by fire has occurred,
provided he has complied with the terms of the contract.
That plaintiff could have maintained assumpsit, and that
another statute prescribes a form of declaration therein, does
not deny him the right to proceed by motion.  The statute
authorizing suit by motion was designed to give an additional
remedy, not to take away a pre-existing one.  It has been held
in Virginia, under a similar statute, that a motion may be
maintained for judgment for money on an insurance policy.
*Morotock Ins. Co.* v. *Pankey*, 91 Va. 259, and *Union Central
Life Ins. Co.* v. *Pollard*, 94 Va. 146.

   The notice informed defendant of the day of the term on
which the motion would be made; the amount for which he
would demand judgment; described the contract on which
he would demand judgment by giving the number of the fire
insurance policy, its date, by what agent issued, the name of
the insured, the location and description of the property cov-
ered, that the policy had been assigned by the insured to
plaintiff with defendant's consent and approval, the date of
loss by fire, and that it was total.  We fail to see what fur-

ther information was necessary to apprise defendant fully of plaintiff's claim, and hold the notice sufficient.

At the conclusion of plaintiff's evidence defendant moved the court to strike it out and direct a verdict for defendant. The court overruled the motion and defendant excepted, and assigns error. But defendant waived the error, if such it was, by thereafter introducing evidence on its behalf. This rule has been so frequently announced by this court that a citation of cases is unnecessary to sustain this holding.

But at the conclusion of the evidence, defendant asked for a peremptory instruction, which was refused, and after the verdict moved for a new trial which motion was likewise refused, and these rulings are assigned as error. To determine whether these assignments have merits requires a consideration of the evidence. If it is sufficient to sustain the verdict for plaintiff, the instruction was properly refused. If it is not, the instruction should have been given. *Diddle* v. *Continental Casualty Co.*, 65 W. Va. 170; *Soward* v. *American Car & Foundary Co.*, 66 W. Va. 266; and *Butcher* v. *Sommerville*, 67 W. Va. 261. The policy was in the form required by Sec. 68, Ch. 34, Code of W. Va., that is, according to the form used by fire insurance companies incorporated under the laws of the state of New York. It contained this provision: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * * if any change, other than the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss." It also contained this further provision, viz.: "no officer, agent or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any

privilege or permission affecting the insurance under this Policy exist or be claimed by the insured unless so written or attached.''

Alonzo Hatfield, to whom the policy was issued, and who was then the owner of the property, sold it to Mrs. R. M. Morgan, the plaintiff, about the 14th of June, 1915, and agreed with her husband, who was her agent in negotiating the purchase, that he would pay for the same amount of insurance on the property which he then held, until the expiration of his policy which expired December 31, 1915. Hatfield conveyed the property to plaintiff on the 7th of July, 1915, and at the same time attempted to assign the policy by placing his signature to the following printed form thereon: ''The interest of Alonzo Hatfield as owner of property covered by this Policy is hereby assigned to R. M. Morgan subject to the consent of American Central Insurance Company, St. Louis, Mo.''

The principal defense is that defendant never gave its consent to the transfer. It is admitted that J. W. Blakely, defendant's agent who issued the policy, did not indorse its consent on the policy or on any writing attached thereto. But plaintiff insists there was a waiver of the condition requiring that to be done. Whether there was a waiver or not depends upon what the agent said and did, the extent of his authority and whether the insured had knowledge of the limitations upon his power as agent. Hatfield testified that, about the 28th of June, 1915, he went to Blakely's office with a view of taking up his policy and having another one issued to Mrs. Morgan; that his reason for this was, that the use of the building was being changed from a moving picture theater to a store, and he thought the rate of insurance would be less and he would be entitled to a rebate on the premium already paid, as the policy had several months to run. He said, when he made his business known, Blakely replied: ''there is no use of that. You sign it over to Mr. Morgan and I will guarantee it will be all right, and will take up the matter with the insurance company and get a rebate, or what was coming to me, and I will send you a check for it, Mr. Hatfield; and he made a note or something on a tablet or

some blank paper or something that was on his desk. I said,
All right.'' Although the policy was then in Hatfield's pos-
session, he did not have it with him when that conversation
was had and never, thereafter, presented it to the agent or
requested him to indorse upon it defendant's consent to the
transfer. He further says he expected to have an under-
standing with the agent that he would go home and mail the
policy to him and let him issue to Mrs. Morgan another policy
and send it to her by the mail. He is corroborated by wit-
ness J. B. Dean, who was present with him in Blakely's of-
fice when the conversation occurred. Blakely himself admits
having a conversation with Hatfield in the presence of wit-
ness Dean, but he does not admit the correctness of Hat-
field's statement of it. He swears he told Hatfield that he
would have to have the policy there in order to transfer it
himself, and would be glad to transfer it if Morgan would
take it. But, disregarding Blakely's testimony altogether,
and giving full faith and credit to that of Hatfield, which is
the rule in determining the sufficiency of the evidence to sus-
tain a verdict for plaintiff, do the facts proven establish a
waiver of the provision in the policy? Blakely was not sim-
ply a soliciting agent, but had authority to issue policies ac-
cording to the forms furnished him by defendant, which be-
came effective immediately upon his countersigning them.
In a sense, therefore, he was a general agent whose powers
as such, *prima facie,* were co-extensive with the business en-
trusted to him as such agent. *Insurance Co.* v. *Wilkinson,*
13 Wall. 222. Having the power to issue policies, it is in-
sisted, under the authority of *Croft* v. *Hanover Fire Ins. Co.,*
40 W. Va. 508, that his consent to a transfer of the policy
was the exercise of no greater power, and although given in
a manner prohibited by the policy, was a legitimate exercise
of power and amounted to a waiver of the condition limiting
the form of a transfer. The Croft Case was one in which,
after loss, specific performance was decreed of an oral agree-
ment made by an insurance agent with a property owner that
he would issue to him a policy of fire insurance. We there
held that, as the agent had authority to issue a policy and
thereby bind his company, he could, by an oral agreement

to issue one likewise bind it.   But his authority in that respect was not limited, whereas the authority of the agent, in this instance, to bind his company by consenting to a transfer of the policy before loss is prescribed by the terms of the policy, which informed the insured of the limitations upon the agent's powers.   The facts in this and the Croft case are different.   If Hatfield had left his policy with the agent and he had agreed to indorse on it the written consent of his company to the transfer of it, the case would then have presented a question very similar to the one decided in the Croft case.   Because the agent would then have agreed to do a thing which he had the power to do, and which he should have done instantly.   But there was no such agreement.   The agent simply told Hatfield written consent was not necessary, that it was only necessary in order to transfer the policy for Hatfield to indorse it himself.   This was simply the agent's opinion about the matter of which Hatfield could have been as fully informed as the agent, if he had consulted his policy, and the laws presume he did so, the policy being then in his possession.   It is a well established principle that the powers of an agent will not be considered as restricted within the general scope of his authority, unless the restrictions are brought to the knowledge of the party with whom he deals. But here the limitations upon the agent's authority were brought to the attention of the insured by the language of his policy, because they relate to a matter subsequent to the issuance of the contract of insurance.

The authorities are not harmonious respecting the power of an agent to waive a condition required by the policy to be indorsed thereon.   16 A. & E. E. L., (2nd ed.), 950, 951; 19 Cyc. 784.   Our Statute, Sec. 68, Ch. 34, Code of W. Va., forbids the issuance of any other form of fire insurance policy than that used by the fire insurance companies incorporated under the laws of the state of New York, subject to such alterations and additions thereto as the insurance commissioner may deem proper.  And Sec. 69, same chapter, impliedly recognizes the right of fire insurance companies doing business in this state to make reasonable conditions, and provides only that they shall not be valid ''unless stated in the body

of the policy or attached thereto.'' The provision in the policy, prescribing the form of waiver of any of its conditions, is a reasonable one and relates to a matter about which the parties had a right to contract. We can not say the condition is immaterial, for it was no doubt inserted to avoid the uncertainty of parol evidence. To hold that the agent could violate such an express provision of the policy would be to enlarge his powers beyond those conferred by his principal in writing. This exact question arose in *Walsh* v. *Hartford Fire Ins. Co.,* 73 N. Y. 5, and the court of appeals of New York held that such limitation upon the agent's authority was reasonable and had to be complied with. The policy there provided that it should be void in case the property became and remained vacant for more than fifteen days, without notice to the company and consent indorsed upon the policy, and further provided that no officer or agent of the company should be held to have waived any of the conditions of the policy unless such waiver was indorsed thereon in writing. The agent consented by parol to a vacancy for a longer period than fifteen days, and the court held, ''as the mode of giving consent was specified, and the power of the agent to waive the condition was limited to an indorsement on the policy, which limitation plaintiff is to be presumed to have known, an oral consent or waiver did not bind defendant.'' Although decided by a divided court, that case has since been approved by the same court in numerous decisions. *Marvin* v. *Universal Fire Ins. Co.,* 85 N. Y. 287; *Armstrong* v. *Agricultural Ins. Co.,* 130 N. Y. 560; *Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 356. Judge Andrews speaking for the court in the case last cited, at page 364, says: ''Where a policy permits an agent to exercise a specified authority, but prescribes that the company shall not be bound unless the execution of the power shall be evidenced by a written indorsement on the policy, the condition is of the essence of the authority, and the consent or act of the agent not so indorsed is void.'' The following cases are also in point: *Couch* v. *City Fire Ins. Co.,* 38 Conn. 181, 9 Am. Rep. 375; *Burlington Ins. Co.* v. *Campbell & Talbott,* 42 Neb. 208; *Smith* v. *Niagara Fire Ins. Co.,* 69 Vt. 682, 6 Am. Rep. 144, in which the court cites with approval the Walsh Case, *supra,* and quotes at length from .

the opinion; *Worcester Bank* v. *Hartford Fire Ins. Co.,* 11 Cush. 265; *Kyte* v. *Commercial Union Assurance Co.,* 144 Mass. 43; *Eagan* v. *Westchester Ins. Co.,* 28 Or. 289, 42 Pac. 611; *Cleaver* v. *Traders Ins. Co.,* 65 Mich. 527, 32 N. W. 660, appealed the second time and reported in 71 Mich. 414, 39 N. W. 571.

Estoppel does not apply in this case. Before defendant will be estopped to rely upon the non-waiver provision of the contract, it must have been guilty of some fraud, or done something whereby plaintiff was misled to her prejudice. Nothing of that kind appears in the record. Plaintiff was bound to know the restriction in the policy upon the power of the agent to consent to a transfer otherwise than in writing, and the agent's statement to Hatfield that he could transfer the policy by his own indorsement of it, did not bind defendant, because it was out of the agent's power to consent that the transfer should be made in that manner, and Hatfield was bound to know it. He is affected with notice of what his policy contained. *Armstrong* v. *Agricultural Ins. Co., supra; McCormick* v. *Springfield F. & M. Ins. Co.,* 66 Cal. 361.

A fire insurance policy is a personal contract between the insurer and the insured, and not an appurtenance of the property insured. It is not assignable, before loss, without the consent of the insurer, and when a transfer is made with its consent, it becomes a new contract. The insurer has a right to know who is the owner of property it insures. Without an assumption of authority which we think does not properly belong to the courts, we can not say the written restriction upon the agent's authority was immaterial and therefore could be disregarded by him. We may add that a strict application of the terms of the policy in the present case does not appear to operate unjustly, for the reason that defendant had written to its agent as early as the 1st of June, 1915, to cancel all fire insurance policies covering property between certain points on the Norfolk & Western Railway, which included plaintiff's property. If the agent had obeyed those instructions the policy in question would have been taken up and canceled, long before the attempt to transfer it. But this fact was not made known to Hatfield, and, there-

fore, would not have affected the validity of the policy, provided it had been transferred in the manner provided by its terms.

Many of the courts in determining the power of an agent of a fire insurance company to waive conditions of the policy, otherwise than as therein provided, distinguish between conditions to be performed while the policy is still a running contract and before loss occurs, and those conditions relating to things to be done after the loss has occurred, on the ground that the latter relate only to the remedy and are less important. This decision deals only with conditions of the former class. No valid waiver of the condition relating to a transfer of the policy being shown, the evidence is clearly insufficient to sustain the verdict and defendant's peremptory instruction should have been given.

The judgment is reversed, the verdict set aside and the cause remanded for a new trial.

*Reversed, verdict set aside, new trial awarded.*