# CHARLESTON.

RALPH E. TINCHER v. MERCHANTS & TRADERS INSURANCE COMPANY.

Submitted September 26, 1922. Decided October 3, 1922.

1. PLEADING—*Declaration of Insured Upon Insurance Policy in Statutory Form Not Demurrable Because Blank Form of Assignment Has Been Filled in and Signed by Insured.*

A declaration filed by the insured upon an insurance policy, in the statutory form, is not demurrable merely because the blank form of assignment of the policy has been filled in and signed by the insured, since no valid assignment is thus shown, which by the terms of the policy would render it void. (p. 595).

2. SAME—*Special Replication to Demurrer to Declaration Unknown to Common Law and Should be Rejected.*

A special replication to a demurrer interposed to a declaration is unknown to the common law system of pleading, and when offered, should be rejected. (p. 596).

Certified from Circuit Court, Kanawha County.

Ralph E. Tincher against Mechanics & Traders Insurance Company of New Orleans, Louisiana. Demurrer of plaintiff overruled by circuit court and question certified here.

*Affirmed.*

*B. J. Pettigrew* and *G. L. Hartley,* for plaintiff.
*Morton & Mohler,* for defendant.

MEREDITH, JUDGE:

This is a case in assumpsit upon a policy of insurance; the declaration is in the statutory form, and the policy sued on is made a part of the declaration. The circuit court

overruled a demurrer thereto; plaintiff then tendered a special replication to the demurrer which the court rejected. He thereupon moved to amend his declaration by striking out of and erasing from the third page of the policy the words:

> "The interest of Ralph E. Tincher as owner of the property covered by this policy is hereby assigned to W. M. .Thomas subject to the consent of the Mechanics & Traders Insurance Company of New Orleans.
> Dated December 30th 1921.
>
> Ralph E. Tincher."

The court permitted the amendment to be made, ruling that these words might be wholly disregarded on the trial, though they were not actually stricken from the third page of the policy. Thereupon the defendant moved to strike the amended declaration from the record because of a departure from the cause of action stated in the original declaration, which motion was overruled.

The three questions certified to this court on the joint application of the parties arise: (1) Upon the sufficiency of the original declaration; (2) Upon the sufficiency of the special replication to the demurrer; (3) Upon the motion to strike from the record the declaration as amended.

The declaration alleges that the loss occurred on the —— day of January, 1922. The supposed assignment is dated December 30, 1921. There is a printed blank on the third page which has been filled in with ink. We may assume it was filled in and signed by the plaintiff, as his name is signed to it. There is also a clause in the policy which says:

> "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if this policy be assigned before loss."

It is claimed by counsel for defendant that it appears upon the face of the declaration that the policy sued on is void, and consequently there is no liability upon defendant, and that the demurrer should have been sustained.

We can not so hold. The words quoted, purporting to

be an assignment, do not show that there ever has been any assignment of the policy. If made, it was made "subject to the consent" of the defendant, and no such consent appears. The policy is in possession of the plaintiff; it was produced and filed by him with his declaration, and it does not in any wise appear that the assignment was ever completed by delivery so as to make it a binding contract between the plaintiff and Thomas. It is not under seal and no consideration is recited therein. So the declaration does not show on its face that the policy was assigned before loss and thus rendered void.

It is true that this court held in *Morgan* v. *Amer. Central Insurance Co.,* 80 W. Va. 1, 92 S. E. 84, that such a policy is rendered void if a transfer thereof is made by the insured before loss without the written consent of the company, even though made under oral advice and direction of the agent, but in that case the insured had sold the property, and the policy had not only been formally assigned but actually delivered to the transferee, with the assignment endorsed thereon. There was a completed contract of assignment between the parties. No such completed contract appears in this case. The court properly overruled the demurrer to the declaration.

As to the special replication to the demurrer, little need be said. Such special replication is unknown to our system of pleading and it was properly rejected by the court.

The third question is not fairly raised. The court's action in permitting the plaintiff to amend his declaration as indicated, ruling that the words in the alleged assignment might be wholly disregarded on the trial, though they were not actually stricken from the policy, can hardly be said to result in an amendment of the declaration. The words, had they been stricken out are not material, and may be regarded merely as surplusage.

We therefore hold that the court properly overruled the demurrer to plaintiff's declaration and also properly rejected the special reply to the demurrer, and so answer the questions certified.        *Affirmed.*